[No. 14598.   Department One.   April 24, 1918.]

JOHN E. KLINE, *Appellant*, v. INDUSTRIAL INSURANCE
COMMISSION, *Respondent*.[1]

MASTER AND SERVANT—INJURY TO SERVANT—COMPENSATION ACT—
PERMANENT PARTIAL DISABILITY—CONCLUSIVENESS OF JUDGMENT.   Un-
der Rem. Code, § 6604-5, providing that compensation under the
workmen's compensation act shall be made in a lump sum for "per-
manent partial disability," which is defined as the loss of certain
members "or any other injury known in surgery to be permanent
partial disability," the industrial insurance commission cannot, after
a judgment of the superior court has determined that an injury to
an employee suffering from hernia has resulted in "permanent par-
tial disability," refuse to make compensation in a lump sum be-
cause of its promulgated rules regarding hernia, which required the
injured employee to submit to an operation and take pay for loss
of time only.

Appeal from an order of the superior court for King
county, Frater, J., entered February 15, 1917, denying
an application for an order compelling the industrial
insurance commission to fix the amount of plaintiff's
compensation for personal injuries.   Reversed.

*Geo. McKay*, for appellant.

*The Attorney General* and *Howard Waterman, As-
sistant*, for respondent.

WEBSTER, J.—In November, 1913, appellant, John E.
Kline, received an injury in the course of his employ-
ment for which he filed a claim with the industrial in-
surance commission.   The claim was disallowed and he
appealed to the superior court, alleging that he had
suffered a rupture known and classified in surgery as
a "permanent partial disability," which had caused
"permanent partial disability," upon which issue was
duly joined.   After a trial upon the merits, the court
made findings and conclusions to the effect that appel-

[1]Reported in 172 Pac. 343.

lant, while engaged in an extra-hazardous employment within the scope of the workmen's compensation act, "suffered a rupture known and classified in surgery as a permanent partial disability, which has caused a permanent partial disability," upon which judgment was entered ordering respondent to determine and fix the compensation of appellant according to law. This judgment was never appealed from, but remains in full force and effect.

Respondent having failed to comply with the judgment, an application was thereafter made to the superior court for an order compelling respondent to proceed to fix the amount of appellant's compensation in a lump sum as provided by law. The affidavit in support of the application sets forth that appellant has offered to furnish respondent proof as to the extent of his injury, which proof respondent refused to receive, except as shown by the following letter:

"Mr. John E. Kline,
   "3902 40th Ave., S. W.,
      "Seattle, Washington.
                              "Subject: Re Claim No. 32617.
   "Dear Sir:—Relative to the settlement of your claim with this department, you are advised that, since your disability has been determined to be a hernia, your case comes within the rules of the department governing settlements for hernia, i. e., that no payment for permanent disability will be made in case of hernia, but the department requires an operation to be had in these cases, which according to all medical advice renders the condition of the claimant as good if not better than it was prior to receiving the hernia. After an operation has been performed and we have been notified of the same, we pay compensation for time loss, beginning five days prior to the date of operation, continuing until claimant is able to resume a gainful occupation.

   "You may, therefore, understand that, before any payment can be made to you, it will be necessary for you to undergo an operation, and when you have same

done you should notify us and payments will be made as above stated.

> "Respectfully yours,
> "Industrial Insurance Commission
> "by John M. Wilson, Chairman."

For return to the show cause order issued by the court, respondent alleged:

"That, on December 7, 1914, the industrial insurance commission duly established and promulgated the following rules governing the administration of the workmen's compensation act:

" 'Rule I.

" '(a) There must be an accident resulting in hernia.

" '(b) It must appear suddenly.

" '(c) Be accompanied by pain.

" '(d) Immediately follow an accident.

" '(e) There must be proof that the hernia did not exist prior to the accident.

" 'Rule II.

" 'All hernia, inguinal or femoral, which are shown to come under rule I, while the workman is engaged in his usual occupation and in the course of his employment, shall be treated in a surgical manner by radical operation. If death results from such operation, the death claim shall be paid and considered as a result of the accident.

" 'On these cases, time loss only shall be paid, unless it is shown by special examination that they have a permanent partial disability resulting after the operation. If so, it will be estimated and paid. Time loss between the date of accident and the date of operation will not be allowed if longer than five days.

" 'Rule III.

" 'The hernia claimant whose case comes under rules 1 and 2, who persists in wearing a truss instead of being operated, puts himself in the same position as the man with the fractured leg who refuses surgical attention. The commission may order him before a competent anaesthetist to determine if he can safely take an anaesthetic. If so, he must be operated to receive his time loss during the recovery from operation.

If, however, it is shown that he has some chronic disease that renders it unsafe for him to take an anaesthetic, his disability will be estimated as a permanent partial disability and claim settled as such.'

"That the judgment in the above action made and entered on February 15, 1917, reads as follows:

" 'It is decreed that the defendant proceed to determine and fix the compensation of the plaintiff, according to law, and that it pay the sum of $25 to George McKay, the attorney for the plaintiff.'

"That, pursuant to said judgment and pursuant to the rules above quoted on May 17, 1917, the defendant directed the plaintiff to submit to surgical treatment by radical operation, as appears in the letter set forth in plaintiff's affidavit for the order to show cause. That such surgical treatment is reasonably essential to the recovery of the plaintiff. That plaintiff has refused to submit to such surgical treatment, and that the commission has therefore suspended the compensation of the plaintiff."

From an order denying the application, this appeal is prosecuted.

Subdivision f of § 5, page 356, Laws of 1911 (Rem. Code, § 6604-5), provides:

"Permanent partial disability means the loss of either one foot, one leg, one hand, one arm, one eye, one or more fingers, one or more toes, any dislocation where ligaments are severed, or any other injury known in surgery to be permanent partial disability. For any permanent partial disability resulting from an injury, the workman shall receive compensation in a lump sum in an amount equal to the extent of the injury, to be decided in the first instance by the department, but not in any case to exceed the sum of $1,500. The loss of one major arm at or above the elbow shall be deemed the maximum permanent partial disability. Compensation for any other permanent partial disability shall be in the proportion which the extent of such disability shall bear to the said maximum."

It will be seen that this statute, in defining permanent partial disability, after specifying certain disabil-

ities by name, concludes with the comprehensive definition "or any other injury known in surgery to be permanent partial disability." It further provides that, for an injury constituting such disability, the workman shall receive compensation in a "lump sum" in an amount equal to the extent of his injury, to be ascertained in the manner therein prescribed. As already noted, the superior court expressly found that appellant had suffered a rupture which is known and classified in surgery as a permanent partial disability, and which in appellant's case, in fact, caused permanent partial disability. The letter of respondent to appellant, hereinbefore quoted, is in effect a refusal on the part of the commission to recognize appellant's injury as a permanent partial disability, and also indicates its purpose not to award appellant's compensation in a lump sum. The first sentence in the letter states:

"Relative to the settlement of your claim with this department, you are advised that, since your disability has been determined to be a hernia, your case comes within the rules of the department governing settlements for hernia, i. e., that no payment for permanent disability will be made in case of hernia, but the department requires an operation to be had in these cases, which, according to all medical advice, renders the condition of the claimant as good if not better than it was prior to receiving the hernia."

The fallacy of this position lies in assuming that the judgment of the superior court merely determined that appellant's injury constituted hernia. What the court actually found was that appellant's rupture, received in the course of his employment, was a permanent partial disability within the meaning of the workmen's compensation act, and as a result thereof appellant was permanently partially disabled, for which, under the provisions of the statute above set forth, he was en-

titled to compensation in a lump sum. This issue was squarely raised by the pleadings, and respondent cannot overthrow the judgment by invoking its own rules. The purpose of the procedure prescribed by the rules of the commission is to determine in a given case whether hernia constitutes a *permanent* partial disability or a *temporary* partial disability, a fact which, in this case, had already been determined by a valid judgment of a court having jurisdiction of both the subject-matter and the parties.

We are not called upon at this time to determine the extent of the commission's power to make rules for the purpose of ascertaining whether a particular injury constitutes permanent or temporary disability, nor whether the rules in question are reasonable or unreasonable. It is certain that, whatsoever authority it possesses in this respect, it cannot establish rules in direct conflict with the provisions of the act or defeat the mandate of a court of competent jurisdiction. It cannot provide for compensation in ''payments'' when the statute requires that the compensation shall be in gross; neither can it reverse the judgment of a court in an action to which it was a party by appealing to itself. When it was finally determined that appellant's injury constituted a permanent partial disability, the only course open to the commission was to proceed to fix the amount of the award in a lump sum against the accident fund. To sustain respondent's position would be to nullify a solemn judgment of a court of competent jurisdiction, as well as to repeal an express provision of the statute. To illustrate: Let it be supposed that appellant should submit to radical operation which would effect a complete and permanent cure, this would demonstrate that his injury was temporary and not permanent, and thus deprive him of the right to compensation in a lump sum as for perma-

nent partial disability established by the judgment. Moreover, respondent, by its letter, does not claim that the examination of or operation upon appellant would be for the purpose of enabling it to ascertain the extent of disability as the basis for fixing the amount of compensation due appellant as for permanent partial disability. Its purpose is to establish by the operation the fact that appellant's injury is temporary only.

In this connection we deem it proper to say that respondent, in the exercise of its discretion in fixing the amount of the award by comparing the extent of appellant's injury to the standard prescribed by the statute, may take into consideration competent medical advice as to the reasonable and probable effect of an operation upon the injury from which appellant has suffered. It may not, however, refuse or "suspend" compensation until the appellant submits to an operation. In any event, the award must be in a lump sum as provided by the statute.

The judgment will be reversed, and the cause remanded with instructions to the superior court to enter an order directing respondent forthwith to proceed to fix the amount of appellant's compensation in a lump sum as for permanent partial disability in accordance with the standard prescribed by the statute.

ELLIS, C. J., FULLERTON, PARKER, and MAIN, JJ., concur.