[No. 14610.    Department Two.    April 30, 1918.]

HARRY PARKER, *Respondent*, v. INDUSTRIAL INSURANCE DEPARTMENT, *Appellant*.[1]

MASTER AND SERVANT — WORKMEN'S COMPENSATION — DECISION OF INSURANCE DEPARTMENT—APPEAL—STATUTES. Questions going to the classification of an injured workman, and his right to participate in the insurance fund, are subject to review on appeal from the insurance department as "questions of fact," within the meaning of Rem. Code, § 6604-20, providing for appeals in so far as a department decision rests upon questions of fact; "questions of fact" meaning all facts necessary to be determined before a workman is classed as a beneficiary, and matters of "discretion," as to which there is no appeal, referring to matters pertaining to the administration of the fund after a workman is classified.

SAME—WORKMEN'S COMPENSATION—PARTIAL DISABILITY—RIGHT TO BENEFIT. Where it is conceded that a beneficiary seeking recovery for "permanent partial disability" under Rem. Code, § 6604-5 (f) of the workmen's compensation act, is suffering from neurosis or hysterical paralysis to such an extent as to be partially disabled, although he may recover, he is entitled to the benefits of Id., § 6604-5 (d), providing for cessation of benefits upon recovery and the continuance of proportionate payments so long as the present earning power is only partially restored.

[1] Reported in 172 Pac. 830.

Appeal from a judgment of the superior court for Spokane county, Carey, J., entered July 7, 1917, upon findings in favor of the plaintiff, upon appeal from an order of the industrial insurance commission, after a trial on the merits to the court. Modified.

*The Attorney General* and *Howard Waterman, Assistant,* for appellant.

*Nuzum, Clark & Nuzum,* for respondent.

CHADWICK, J.—The facts in this case are stipulated. The statute fixes no form of procedure in cases of this kind. Respondent appealed from an order of the industrial insurance department denying him an award as one suffering from a permanent partial disability. When the case came on for hearing before the court, witnesses were introduced. After hearing the testimony of the attending physician and other witnesses as to the condition of the respondent, the court held that the order of the department should be reversed, and directed that an order be entered classifying respondent as one suffering from a permanent partial disability, and that an allowance be made therefor.

Appellant maintains: first, that the decision of the department is a matter resting entirely within its discretion and is not subject to review, or, if so, that there is no showing that it abused its discretion. This contention is rested upon the case of *Sinnes v. Daggett,* 80 Wash. 673, 142 Pac. 5, where we held that we would not review an order of the department fixing a decree of permanent partial disability and the amount of the award. But it seems to us that this case does not support appellant's contention.

After the status of an injured employee has been fixed by the department, whether acting upon its own judgment or as a legal conclusion from the testimony

or admitted facts, the courts will not interfere with the discretion of the department to determine the amount to be paid from month to month, for it is provided that the discretion of the department shall not be subject to review. Rem. Code, §§ 6604-5, 6604-20.

The meaning of the act is that all questions going to the classification of an injured workman and his right to participate in the insurance fund are questions of fact and subject to review, upon appeal, by court or jury; but the amount of the award upon a proper classification is a matter resting in the broad discretion of the department and will not be interfered with:

"Unless, possibly, their decision might be reviewed by the courts upon such a question were they charged with capricious or arbitrary action in fixing the amount of their award." *Sinnes v. Daggett, supra.*

Whether an injured employee comes within one class or another is a fact, and an injured workman may not be made subject to an erroneous classification without a right of review. As we read the statute, this is expressly provided for.

"Any employer, workman, beneficiary, or person feeling aggrieved at any decision of the department affecting his interests under this act may have the same reviewed by a proceeding for that purpose, in the nature of an appeal, initiated in the superior court of the county of his residence (except as otherwise provided in subdivision (1) of section numbered 6604-5) in so far as such decision rests upon questions of fact, or of the proper application of the provisions of this act, it being the intent that matters resting in the discretion of the department shall not be subject to review." Rem. Code, § 6604-20.

That the department is bound by a finding of fact and may not limit its legal effect by rule, is held in *Kline v. Industrial Insurance Commission*, 101 Wash. 365, 172 Pac. 343.

Were we to adopt the theory of counsel, it would be to hold, in effect, that there is no appeal under § 6604-20, for it could be urged that the classification of a workman was as much within the discretion of the department as the fixing of the amount of the award. "Questions of fact," within the meaning of the act, means all questions resting in fact, and all facts necessary to be ascertained before a workman is classed as a beneficiary, and upon which his classification is made. Discretion means the conduct of the department with reference to all matters pertaining to the administration of the claim after the workman is properly classified.

It is next contended that the facts sustain the findings and conclusions of the department, and that respondent has not overcome the legal presumption that the department's decision is correct. The act provides that:

"In all court proceedings under or pursuant to this act the decision of the department shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same." Rem. Code, § 6604-20.

The witnesses for the department all agree that respondent has a very highly nervous organism, that he is not suffering from any organic lesion, and that there is nothing shown in the reflexes that would warrant the condition of the respondent, which is described variously by the experts as neurosis, hysteria, hysterical paralysis, neurasthenia, and hypochondriasis. It is not contended by counsel or by the experts that the respondent is a malingerer or a faker. He drags his right leg, and is unable to advance it beyond the line of his body when walking. His right arm is affected in somewhat the same way. It has a tremor that baffles the skill and knowledge of the physicians who have examined him. They all agree, however, that his

condition is real; but they agree with equal unanimity of judgment that it may pass away at any time.

This being the state of the record, it is contended that the judgment of the court should be reversed and the order of the department affirmed, because the infirmity is not "any other injury *known in surgery* to be permanent partial disability." Rem. Code, § 6604-5(f). But we think it is unnecessary to follow the theories of counsel on either side with reference to the construction of this statute. It may be that the statute is deficient in that it will not permit an award to be made where a person is suffering from a nervous affliction, so long as there is a possibility of his recovery, or because his injury or infirmity is unknown in surgery; but whether this be so or not, upon the admitted facts respondent is entitled, pending his final recovery, or until such time as the physicians may be agreed that he cannot recover, to the benefits of the law. The department struck off his allowance at the time he returned to work, although the testimony shows that he was not able to do work that he had done before; that he was given very much lighter work and favored in every way by his employer; that the most that he had earned was $3 a day, whereas his regular wage had been $4 a day. It further appears that respondent had not been able to work all of the time. It seems to us that the law makes provision for a case like this.

"As soon as recovery is so complete that the present earning power of the workman, at any kind of work, is restored to that existing at the time of the occurrence of the injury the payments shall cease. If and so long as the present earning power is only partially restored the payments shall continue in the proportion which the new earning power shall bear to the old." Rem. Code, § 6604-5(d).

Instead of cutting off respondent's allowance altogether, the department should have made an order

covering this difference between the present earning capacity of the respondent and his former earning capacity. Considering, then, the spirit of the law, that an injured workman in extra hazardous employment shall have "a sure and certain recovery," and the letter of the law as we conceive it to be, the case will be remanded to the superior court to be from thence transmitted to the department with directions to make such an order as will reasonably cover the difference in the wage-earning power of the respondent. It is so ordered.

ELLIS, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.