[No. 15118.   Department Two.   August 13, 1919.]

HARRY C. PARKER, *Respondent*, v. INDUSTRIAL
INSURANCE DEPARTMENT, *Appellant*.[1]

MASTER AND SERVANT (121-2)—INJURIES TO SERVANT—REMEDIES
UNDER WORKMEN'S COMPENSATION ACT — PARTIAL DISABILITY — RE-
COVERY FOR DIFFERENCE IN EARNING POWER—STATUTES—CONSTRUCTION.
In view of Rem. Code, § 6604-5 (d), providing that, in case of
recovery and partial restoration of earning power by an injured
workman, payments shall continue in the proportion which the new
earning power shall bear to the old, a remittitur on appeal and
judgment therein, under a decision quoting the statute and direct-
ing the insurance department to make such an order for compensa-
tion as will reasonably cover the difference in the wage-earning
power, means no more than that the award shall be in the propor-
tion which the new earning power shall bear to the old.

Appeal from a judgment of the superior court for
Spokane county, Hurn, J., entered September 5, 1918,
in favor of the plaintiff upon remittitur from the su-
preme court.   Affirmed.

*W. V. Tanner*, and *D. E. Twitchell, Assistant Attor-
ney General*, for appellant.

*Turner, Nuzum & Nuzum*, for respondent.

PARKER, J.—This is an appeal by the Industrial In-
surance Department from the judgment of the supe-
rior court for Spokane county, entered in this case
upon the going down of the remittitur from our deci-
sion rendered herein, modifying the judgment of that
court; our decision being reported in 102 Wash. 54,
172 Pac. 830.   The contention here made in behalf of
the department is that the judgment of the superior
court is not such as was directed by this court to be
entered in the case.

[1]Reported in 183 Pac. 82.

The concluding language of our decision upon which the clerk of this court entered formal judgment, is as follows:

"It seems to us that the law makes provision for a case like this.

" 'As soon as recovery is so complete that the present earning power of the workman, at any kind of work, is restored to that existing at the time of the occurrence of the injury the payments shall cease. If and so long as the present earning power is only partially restored the *payments shall continue in the proportion which the new earning power shall bear to the old.* Rem. Code, § 6604-5 (d).'

"Instead of cutting off respondent's allowance altogether, the department should have made an order covering this difference between the present earning capacity of the respondent and his former earning capacity. Considering, then, the spirit of the law, that an injured workman in extra hazardous employment shall have 'a sure and certain recovery,' and the letter of the law as we conceive it to be, the case will be remanded to the superior court to be from thence transmitted to the department with directions to make such an order as will reasonably cover the difference in the wage-earning power of the respondent. It is so ordered."

We have italicized the portion of the statute quoted and made a part of our decision, to be particularly noticed. The formal judgment of this court entered by the clerk and embodied in the remittitur, directed the superior court, "to modify its judgment so that respondent will recover the difference in his wage earning power." Upon the going down of the remittitur, the superior court entered its judgment, which, in so far as we need here notice its language, reads as follows:

"It is further ordered, adjudged and decreed that defendant (Insurance Department) make such an order for compensation to the plaintiff herein, Harry

C. Parker, as will reasonably cover the difference in the wage earning power of said plaintiff.''

This appeal seems to have been prompted by a fear on the part of the department that the judgment rendered by the superior court must be construed as compelling the awarding to respondent of the full amount of the difference between his former and present earning power; that is, for instance, if his former earning power was $4 per day and his present earning power is $3 per day, that he must be awarded the full difference of $1 per day. Looking alone to the language of the judgment of the superior court, there may be some reason for contending that such is its meaning, and that it is not in exact accord with the directions of this court, though it is in almost the exact language of the remittitur and the concluding few words of our decision. But we think that neither our decision, the remittitur, nor the judgment of the superior court, read in the light of the italicized portion of the statute quoted in and made part of our decision, means anything more than that the award to respondent shall be ''in the proportion which the new earning power shall bear to the old,'' and not that the award shall necessarily be for the full difference between the old and new earning power. While the language of the judgment of the superior court, of the remittitur, and of the concluding few words of our decision, might have been more precise in this particular, we think it plain that all mean no more than this. So construed, the judgment of the superior court is as directed by this court to be entered.

The judgment is affirmed.

HOLCOMB, C. J., FULLERTON, MOUNT, and BRIDGES, JJ., concur.