[No. 19508.   Department Two.   February 4, 1926.]

P. T. COLE, *Respondent*, v. DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1] MASTER AND SERVANT (20-1)—WORKMEN'S COMPENSATION—FORTUITOUS EVENT—AGGRAVATION OF PRE-EXISTING DISEASE. A workman's death was caused by a "fortuitous event" as distinguished from the "contraction of disease" within the workmen's compensation act, § 7675, where it appears he suddenly collapsed while engaged in hard work requiring extra effort, and that he was afflicted with heart and artery disease and his physical effort caused a rupture in, the region of his heart.

[2] SAME (121-2)—WORKMEN'S COMPENSATION—DECISION OF DEPARTMENT OF LABOR—REVIEW BY SUPERIOR COURT—SCOPE. Upon appeal from the department of labor and industries in rejecting a claim under the workmen's compensation act because the injury was not a fortuitous event, the superior court's jurisdiction is limited to a review of that fact, and it cannot assume original jurisdiction to determine the classification or the amount of compensation, which is to be fixed in the first instance by the department; in view of Rem. Comp. Stat., § 7679, limiting the review on appeal to questions of fact, and providing that matters resting in the discretion of the department shall not be subject to review.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered April 16, 1925, upon a verdict and findings of a jury in favor of the plaintiff, on appeal from the department of labor and industries of a claim under the workmen's compensation act. Affirmed in part, and reversed in part, and remanded.

*The Attorney General* and *M. H. Wight, Assistant*, for appellant.

*Bixby & Nightingale*, for respondent.

PARKER, J.—This is an appeal by the department of labor and industries from a judgment of the superior

¹Reported in 243 Pac. 7.

court for Whatcom county, adjudging P. T. Cole to have been injured by a fortuitous event, while engaged in an extra-hazardous employment, classifying his injuries as resulting in temporary total disability and in total partial disability, determining the degree of such disability, and awarding him compensation in fixed sums from the accident fund of our workmen's compensation law. The case came into the superior court upon an appeal by Cole from a decision of the department refusing to award him any compensation; such refusal being rested upon the theory that the injury, for which he claims compensation was not the result of any "fortuitous event," within the meaning of those words as used in our workmen's compensation law.

The superior court, exercising its discretion in pursuance of § 7697, Rem. Comp. Stat., relating to review of such cases in the superior courts, directed the case to be tried by a jury and proceeded accordingly. At the conclusion of the review hearing, the court submitted to the jury in substance: the question of Cole's receiving injuries at the time claimed by him, it being conceded that he was then engaged in extra-hazardous employment; the question as to whether or not any such injuries were the result of a "fortuitous event," defining those words as used in our workmen's compensation law; the question of whether or not any such injuries were permanent partial disability injuries, the degree thereof, and the amount of compensation Cole should receive therefor, not exceeding $2,400, that being the highest degree and award for permanent partial disability injuries permitted by law; and the question of whether or not any injuries suffered by Cole were temporary total disability injuries, and the duration thereof.

The jury returned a general verdict, awarding to Cole compensation in the sum of $2,400. This gen-

eral verdict was construed by the trial court as a finding that Cole was injured by a fortuitous event, as an award for permanent partial disability resulting from such injuries, and as a finding of the degree of such injury to be that of the highest allowed by the schedule of awards prescribed by subd. f, § 7679, Rem. Comp. Stat., as amended by ch. 136, Laws of 1923, p. 373 [Rem. 1923 Sup., § 7679], relating to permanent partial disability injuries.

The jury further found, answering special interrogatories submitted by the court, that Cole suffered temporary total disability as the result of his injuries, which continued for a period of eleven months, to wit, from March 6, 1924, when he was injured, to February 6, 1925, the latter date being one week preceding the commencement of the trial in the superior court. Upon these findings by the jury, the trial court rendered its judgment, awarding Cole compensation in the sum of $2,400 for permanent partial disability and $800 for temporary total disability; the former upon the $2,400 general verdict and the latter upon the jury's special findings, and the court's further finding that Cole was a widower with five minor children dependent upon him for support; and also awarded him $250 attorney's fees as authorized by statute, and his other taxable costs.

[1] It is first contended, in behalf of the department, that the evidence does not support any finding or conclusion that Cole's injuries were the result of a fortuitous event; the argument being that his apparent sudden affliction, claimed as constituting his injuries, was simply the culmination of a progressive affliction, consisting of his diseased heart and arteries, accompanied by high blood pressure. Cole was, at the time, 54 years old, and, as he thought, comparatively

vigorous and well for a man of his age. In any event, he was not conscious of being seriously afflicted physically. He had been used to hard work, such as he was engaged in at the time. He was then, with another man, employed in piling heavy timbers eight inches square and 20 to 24 feet long. They were pushing a timber up on skids, the lower ends of the skids resting upon the ground and the upper ends on a pile of like timbers some five feet high, Cole being at one end of the timber and his companion at the other. As they pushed the timber up and got it very near the top ready to push it over the end of the skids, Cole, in exerting practically the whole of his strength against the timber, suddenly became conscious of intense pain in his chest about his heart, and in a semi-fainting condition sat down, seemingly very much overcome, saying to his companion that he was hurt. While there was medical testimony showing that Cole was then afflicted with heart and artery disease, though he did not seem to appreciate such affliction, the evidence fully warranted the conclusion that his then physical effort caused a rupture in the region of his heart, constituting a sudden injury. While this affliction, suddenly coming upon Cole, may have been, in a sense, at or near the culmination of his general affliction, it, nevertheless, seems clear from the testimony that what he there did, by putting forth his strength, caused the breaking or giving away of something about his heart. Our decisions in *Zappala v. Industrial Insurance Comm.,* 82 Wash. 314, 144 Pac. 54, L. R. A. 1916A 295; *Shadbolt v. Department of Labor & Industries,* 121 Wash. 409, 209 Pac. 683, and *Frandila v. Department of Labor & Industries, ante* p. 530, 243 Pac. 5, just decided by us, seem decisive against the department's contention here made. In the last cited case, the question is reviewed

at length. It seems to us, that the evidence was ample to support the findings and conclusion that Cole was injured as the result of a fortuitous event while engaged in extra-hazardous employment, and that, in so far as the findings and judgment establish that fact and award attorney's fees and costs, it must be affirmed. It is so ordered.

[2] It is contended in behalf of the department, in substance, that, in any event, the superior court should have gone no farther than to submit to the jury, or determine for itself, the question as to whether or not the injuries suffered by Cole were the result of a fortuitous event occurring while he was engaged in an extra-hazardous employment; and the court, having determined that question in favor of Cole, should have rendered its judgment establishing his right to compensation to that extent only, awarded him attorney's fees and costs, and remanded the case to the department for its determination of the proper classification and degree of his injuries and award of compensation accordingly.

The reviewing jurisdiction of the superior courts over the decisions of the department, so far as applicable to this case, is determinable from the following language of § 7697, Rem. Comp. Stat.:

"Any . . . beneficiary . . . feeling aggrieved at any decision of the department affecting his interests under this act may have the same reviewed by a proceeding for that purpose, in the nature of an appeal, initiated in the superior court of the county of his residence . . . in so far as such decision rests upon questions of fact, or of the proper application of the provisions of this act, it being the intent that matters resting in the discretion of the department shall not be subject to review. The proceedings in every such appeal shall be informal and summary, but full opportunity to be heard shall be had before

judgment is pronounced. . . . The calling of a jury shall rest in the discretion of the court . . ."

This language, it seems to us, clearly shows a legislative intent that the superior court shall not have any original jurisdiction in the administration of the law, or decide any question to be decided in the first instance by the department. It seems to us, the lawful inquiry, upon review in the superior court, is only with reference to a question or questions which have been actually decided by the department. When the department decided that Cole was not injured as the result of a fortuitous event, and that, therefore, he had no right whatever to compensation, it manifestly made no decision on the question of proper classification or degree of any injuries suffered by him. Indeed, the department then had no occasion to decide any such questions. For the superior court to entertain those questions and determine the amount of compensation, as it did in this case, was to assume original jurisdiction over a subject within the exclusive original jurisdiction of the department. It seems to us, that to allow the superior courts to render judgments going to the extent of the one here in question would be to allow them to exercise original jurisdiction in the administering of the law, in every case wherein the department should decide that the claimant was not injured as the result of a fortuitous event, and the superior court, upon review, should decide otherwise. This, we feel quite sure, would be going clearly beyond both the letter and spirit of the law. We have not been called upon to decide this exact question as a controverted one; but we have sanctioned the remanding of cases to the department for decision of questions within its original jurisdiction to decide, which were not necessary to be decided on review as necessarily incident to the real question

on review. *Kline v. Industrial Insurance Commission,*
101 Wash. 365, 172 Pac. 343; *Parker v. Industrial In-
surance Department,* 102 Wash. 54, 172 Pac. 830. We
conclude that the judgment of the superior court must
be reversed, in so far as it assumes to adjudicate the
classification and degree of Cole's injuries and fix the
amount to be awarded to him. It is so ordered.

The case is remanded to the superior court, with di-
rections to correct its judgment in conformity with our
conclusions herein announced, and remand the case to
the department for its determination of the classifica-
tion and degree of Cole's injuries, and making him an
award of compensation accordingly as the law directs.
No costs or disbursements incident to this appeal shall
be awarded to either party as against the other, both
having been in a measure successful.

TOLMAN, C. J., MACKINTOSH, MITCHELL, and MAIN,
JJ., concur.