[No. 25240. Department One. October 22, 1934.]

WILLIAM A. NOLL, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 36 P. (2d) 809.

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*J. O. Davies,* for respondent.

TOLMAN, J.—Respondent, a workman engaged in extrahazardous employment, made claim for compensation for injuries received in the course of his employment on October 22, 1928. The matter took the usual course, and finally resulted in an order by the department closing the claim with an allowance of fifteen degrees permanent partial disability as of May 27, 1930. No appeal was taken, the award was paid, and the case was thus finally closed.

Thereafter, and in May, 1933, the respondent filed a duly verified petition with the department praying for a reopening of his claim upon the ground of aggravation of his injuries occurring since the date of the original closing. The department refused to reopen. An appeal was taken to the joint board, a hearing was had, evidence being taken upon both sides of the controversy before an examiner, and after considering the evidence so taken, the joint board sustained the action of the department in refusing to reopen the claim, thus determining, as a fact, that no aggravation had occurred. An appeal to the superior court promptly followed. The case was there heard upon the written record which had been before the joint board. No other evidence was taken in the superior court.

The trial court, upon the record which had been presented to the joint board, reached a different conclusion, and specifically found, as a matter of fact, that there had been a marked and substantial aggravation of the injuries since the time of the original allowance and closing of the claim.

Neither the joint board nor the superior court heard

or saw the witnesses, and we, therefore, are perhaps in as good a position to judge of the facts as either. A careful study of the evidence touching respondent's condition at and following the time of the original allowance convinces us that the trial court was not in error in finding that the respondent had suffered an aggravation of his injuries since May 27, 1930.

But the trial court went further, and found that the aggravation had increased the permanent partial disability by twenty-five degrees, and by the judgment entered, directed the department to grant the respondent an additional award of twenty-five degrees, and thus pay, in addition to the previous award, the further sum of $750 to the respondent.

The department contends that, in this, the trial court exceeded his powers; and that, having found aggravation, the only proper course was to remand the case to the department that it might exercise its original jurisdiction upon the subject of the extent of the disability resulting from the aggravation.

Prior to the amendment of the statute by the act of 1927, hereinafter referred to, the practice in this respect was attempted to be outlined by this court in the case of *Cole v. Department of Labor and Industries,* 137 Wash. 538, 243 Pac. 7. In that case, the department had decided the claim upon a finding that the injuries were not the result of a fortuitous event. On appeal to the superior court, the case was tried before a jury, and the court submitted to the jury not only the issue as to whether the injuries were the result of a fortuitous event, but also the questions as to whether or not such injuries caused permanent partial disability and the degree thereof, if any, and the amount of compensation the claimant should receive. The jury awarded compensation in the sum of twenty-four hundred dollars and the trial court, by his judg-

ment, awarded the sum fixed by the jury for permanent partial disability and a further sum for temporary total disability based upon a special finding. An appeal was taken, and this court, after quoting from Rem. Comp. Stat., § 7697, said:

"This language, it seems to us, clearly shows a legislative intent that the superior court shall not have any original jurisdiction in the administration of the law, or decide any question to be decided in the first instance by the department. It seems to us, the lawful inquiry, upon review in the superior court, is only with reference to a question or questions which have been actually decided by the department. When the department decided that Cole was not injured as the result of a fortuitous event, and that, therefore, he had no right whatever to compensation, it manifestly made no decision on the question of proper classification or degree of any injuries suffered by him. Indeed, the department then had no occasion to decide any such questions. For the superior court to entertain those questions and determine the amount of compensation, as it did in this case, was to assume original jurisdiction over a subject within the exclusive original jurisdiction of the department."

Clearly, in the *Cole* case, in deciding that the injuries were not the result of a fortuitous event, the department had no occasion to examine into the nature and extent of those injuries, or to determine what, if any, award should be made therefor, and very clearly this court there applied the correct rule.

In this case, however, in determining the question whether or not respondent had suffered aggravation, the department and the joint board must necessarily fully inquire into respondent's physical condition during the time following the original award; and when the joint board determined that there had been no aggravation, it decided the whole issue of fact which was before it as to respondent's physical condition.

If the case were now remanded to the department to determine the extent of the aggravation and the degree of disability caused thereby, it would be placed in the embarrassing position of reversing its former finding of facts, and the extent to which it would so reverse itself would be problematical.

The rule announced in the *Cole* case, *supra,* is in harmony with the views expressed in the earlier case of *Maddox v. Industrial Insurance Commission,* 113 Wash. 137, 193 Pac. 231.

By § 8, chapter 310, Laws of 1927, p. 850, the section of the statute considered in the *Cole* case was amended, and among other things, a new clause was incorporated which reads:

"If the court shall determine that the department has acted within its power and has correctly construed the law and found the facts, the decision of the department shall be confirmed; otherwise, it shall be reversed or modified. In case of a modification or reversal the superior court shall refer the same to the department of labor and industries with an order directing it to proceed in accordance with the findings of the court: Provided, That any award shall be in accordance with the schedule of compensation set forth in this act." Rem. Rev. Stat., § 7697 [P. C. § 3488.]

Whether this amendment was intended to and does broaden the power of the court, we need not now inquire; because, as we shall later see in this case, no broadening of the original act was needed.

This court again, in *Taylor v. Department of Labor and Industries,* 175 Wash. 1, 26 P. (2d) 391, reaffirmed the doctrine of the *Cole* case. In the *Taylor* case, although evidence had been received, the joint board declined to pass upon the merits and denied the claim because the time for appeal to the joint board had expired and the statute of limitations had barred the application. On appeal to the superior court, a judg-

ment was entered setting aside the order of the joint board and directing that the claimant be allowed compensation as provided by law. In reversing that judgment, this court said:

"While the full record has been presented, the courts are not at liberty to consider the same upon the merits, because to do so would contravene the express policy of the law, which requires, first, a decision on the merits by the joint board of the department. Rem. Rev. Stat., § 7697."

Respondent cites and relies upon the case of *Beels v. Department of Labor and Industries,* 178 Wash. 301, 34 P. (2d) 917, and so far as that case is in point, it supports our present view.

It would seem unnecessary to pursue the inquiry further. In this case, the joint board passed upon the vital issue of fact just as fully and certainly as it would have done had it found that aggravation existed and permanent partial disability was increased in some degree. When, on the facts, the joint board found against aggravation, it also and necessarily found that respondent's permanent partial disability had not been increased by aggravation in any degree, or at all. The joint board fully exercised its original jurisdiction, and on appeal the superior court did not assume original jurisdiction when it fixed the degree caused by the aggravation, and of course, the degree being fixed, the award is itself fixed.

The judgment appealed from is affirmed.

BEALS, C. J., MAIN, MILLARD, and GERAGHTY, JJ., concur.