[No. 25773. Department Two. December 9, 1935.]

JOE PULIZ, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent and Cross-appellant.*[1]

---

[1]Reported in 52 P. (2d) 347.

586

*W. H. Sibbald,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent and cross-appellant.

BEALS, J.—September 4, 1931, Joe Puliz, a Slovakian upwards of forty years of age, and a strong, powerful workman, suffered an injury in the course of his employment as the result of being struck by a heavy steel rail which he and others were lifting. He received a hard blow just above the left testicle, and, after about ten days hospitalization, this testicle, which had been severely injured, was removed. In due time, the workman was discharged from the hospital and was allowed by the department sixty days time loss and a ten degrees disability. About two months thereafter, he attempted to resume work, but found that he was unable to stand the physical exertion required.

During the month of September, 1932, Mr. Puliz was operated on for a hernia, which had developed on his left side near the place where he had been struck by the rail. He was thereafter compensated for thirty days time loss, but received no other award. The department later determined that the hernia was the result of the original injury.

During the month of December, 1932, the workman, claiming that he was physically disabled, was examined by a physician employed by the department, who reported that he found no aggravation of the injury. An examination four months later resulted in a similar report. In July, 1933, Mr. Puliz was again examined by a physician, acting under instructions from

the department, who reported that the operation for hernia had resulted well, that there was no aggravation, that no treatment was necessary, and that the subject was able to follow a gainful occupation. The following day, the department refused to reopen the claim, referring to the report of its physician last referred to. No appeal was taken from this order. Not long thereafter, an old report by a pathologist was filed, in which it was stated that a specimen had been examined, stated to be the testicle which had been removed from the subject, and that the same was tubercular.

During the month of October, 1933, a physician advised the department that he had examined Mr. Puliz, and that, in the opinion of the physician, the workman was entitled to receive further medical or surgical attention. After examination, the workman was sent to a hospital to be operated on for recurrent hernia. On being advised that the record in the case indicated that the left testicle had been tubercular, the department wrote the claimant, advising him, *inter alia,* that

" . . . the department is therefore denying any responsibility for treatment of the right testicle. We are, however, assuming the responsibility for hospitalization and treatment of the left inguinal hernia."

The department wrote claimant another letter to the same effect during November, 1933.

From a report made by a departmental surgeon November 3, 1933, it appeared that the workman was suffering severe pain in his left groin, that the right testicle was badly swollen, and that he was suffering a recurrence of the hernia. The physician stated that, in his opinion, the remaining testicle was tubercular, and that a segregation should be made; that the operation for the repair of the hernia should be allowed,

but that the condition of the right testicle was due to preexisting disease. This report clearly shows that the condition existing in July, 1933, had become aggravated, and the letters of the department above referred to were based upon this report.

Mr. Puliz was again taken to a hospital, and November 14, 1933, was operated on. The hernia was closed, and it was reported that the right testicle was diseased. The man was again discharged from the hospital without any further disability award. During the month of January, 1934, the workman was again examined, it appearing that the hernia had again recurred, and that a tubercular condition existed in and around the right testicle. Shortly thereafter, Mr. Puliz was again operated on, the hernia repaired, and his right testicle removed. His claim was then closed without any further time loss or allowance of permanent partial disability.

The workman appealed to the joint board, which reversed the order appealed from and directed that the workman be paid such compensation as it appeared he was entitled to. The department then paid him time loss for seventy-six days, but made no allowance for permanent partial disability. From this order, another appeal was taken to the joint board, and much testimony was taken; the board, June 18, 1934, making a detailed report, concluding that the workman should be then examined and further testimony taken.

The expert who, under the direction of the board, examined the workman, reported that, in his opinion, the man might follow some gainful occupation. This surgeon had previously examined the man and now reported that, in his opinion, the man was sincere and was probably suffering some pain; but that, in the opinion of the surgeon, the man could and should engage in some occupation.

The joint board finally determined that the workman's condition had become fixed; that he was able to work, and no further treatment was necessary; that the previous award of ten degrees permanent partial disability was adequate; that the letters of the board, dated November 3 and November 20, 1933, constituted final orders segregating the tubercular condition from which Mr. Puliz was suffering as a preexisting disease, and that these letters, or orders, as the board called them, not having been appealed from, were *res judicata;* that the statute of limitations had run against any claim on the part of the workman based upon the tubercular condition, and that the matter could not be reconsidered and was closed.

From the final order issued pursuant to this report, the workman appealed to the superior court, where the matter came on for hearing before a jury. The claimant expressly waived any disability over eighty degrees, which waiver was later reaffirmed. The jury returned a verdict, finding that the claimant was totally and permanently disabled and should receive time loss until September 24, 1934. Counsel for the department moved for judgment in its favor notwithstanding the verdict, which motion was granted, the trial court being of the opinion that the record contained no evidence from which the jury could conclude that the claimant was permanently disabled.

Findings of fact and conclusions of law were entered awarding the claimant an additional twenty per cent permanent partial disability. From judgment pursuant to these findings, Mr. Puliz has appealed, contending that the award is inadequate, and that the court erred in setting aside the verdict of the jury; and the department has cross-appealed, assigning error upon the entry of a finding of fact and the conclusion of law entered pursuant thereto, and contending that the

trial court erred in reversing the departmental order, in granting a jury trial, and in denying the department's motions for judgment in its favor as matter of law.

As both parties have appealed, we shall refer to Mr. Puliz as claimant, and the department of labor and industries as the department.

The following portion of the order of the joint board is pertinent to this inquiry:

"The joint board further concludes that the claimant by letter dated November 3, 1933 and the department's letter of November 20, 1933 was advised of the department's segregation for pre-existing tuberculosis and the condition of the testicle; that since no appeal as provided by statute was taken from these orders of segregation, those matters are now *res adjudicata* and cannot be reconsidered at this time, as the statute of limitations has operated against such reconsideration. The joint board therefore concludes that the order of the supervisor in closing the claim should be sustained.

"It is therefore ordered that the supervisor's order closing the claim be sustained . . . for the further reason that the department of labor and industries by letter dated November 3, 1933 and November 20, 1933 having advised the claimant of its segregation under subdivision L of section 7679 for pre-existing tuberculosis and the condition of the testicles and the claimant having taken no appeal as provided by statute within the 60 day period from the orders, therefore the matter of segregation for the condition of the testicles and the condition of tuberculosis is now *res adjudicata* and cannot be reconsidered by the joint board at this time."

From this portion of the order, it clearly appears that the joint board ruled that it could not consider the tubercular condition from which the claimant had suffered, and that, as he had recovered from the opera-

tions for hernia, the record required the closing of his claim.

Claimant was demanding compensation for disability suffered as the result of the tubercular condition of his testicles, as well as for the herniae. As above stated, the department ruled that the statute of limitations prevented it from even considering any disability from which claimant was suffering because of what the department had previously alleged to be a tubercular condition.

■ Claimant apparently contends that the trial court should have decided, as matter of law, that the joint board had erroneously applied the doctrine of *res judicata,* and that the jury should determine whether or not the tubercular condition from which claimant was suffering was the result of the accident; and that, if they found it was, the jury should fix the amount of compensation which claimant should receive. It has been repeatedly held that the courts have no original jurisdiction in the administration of the workmen's compensation act, and that matters connected with the administration thereof must first be heard and determined by the department of labor and industries.

In the case at bar, the department ruled that, because of the operation of the statute of limitations, it had no jurisdiction to make any finding upon a question of fact, to-wit, the cause of claimant's tubercular condition and the result thereof, as the same might operate to entitle him to receive compensation under the act. The trial court apparently did not pass upon the question of whether or not the department had jurisdiction to determine this matter, but assumed that the court had jurisdiction to consider the question and passed on the matter as an original proposition, making an award in claimant's favor.

In the early case of *Maddox v. Industrial Ins. Commission*, 113 Wash. 137, 193 Pac. 231, this court said:

"Appellant had no cause of action of which the court had original jurisdiction. . . . The commission had exclusive jurisdiction and appellant had only the right of appeal from its order."

On a later appeal, *Maddox v. Industrial Ins. Commission*, 119 Wash. 21, 204 Pac. 1057, this court again said:

"We think it is plainly apparent that this is nothing but an effort on the part of appellant to bring into the original jurisdiction of the superior court a controversy over which that court does not have any original jurisdiction. It is plain from the provisions of our workmen's compensation act that the original jurisdiction to determine the classification of injuries received by workmen in extra-hazardous occupations and the amount of awards to be made such injured workmen rests exclusively in the commission, and that such questions must first be decided by the commission before the courts can be resorted to looking to the further consideration of the merits of such controversies. The manner of bringing such controversies into the superior court is by review in the nature of an appeal from the final decision of the commission, the procedure for which is very simple and clearly pointed out in § 6604-20, Rem. Code (P. C. § 3488). [Workmen's compensation act.] The jurisdiction of the superior court over such controversies is appellate only, and not original. This is true though some of the questions arising in such controversies brought into the superior court for review are triable *de novo;* but that does not mean that even as to such questions they may in the first instance be tried in the superior court. Plainly, we think the superior court has no jurisdiction in this action over the controversy which appellant seeks to have tried therein."

This phase of the law was again before this court in the case of *Cole v. Department of Labor & Indus-*

*tries,* 137 Wash. 538, 243 Pac. 7, in which the court, after quoting from Rem. Comp. Stat., § 7697 (Rem. Rev. Stat., § 7697 [P. C. § 3488]), relating to appeals from the department to the court, held that the superior court had no original jurisdiction in the administration of the law, and should not decide any question which, under the law, should first be determined by the department. In the late case of *Taylor v. Department of Labor & Industries,* 175 Wash. 1, 26 P. (2d) 391, it was again held that the department must first pass upon the merits of the claim, and that the superior court had properly directed that the claim then before it should be reinstated, and that the joint board should be instructed to proceed to hold a new hearing thereon and pass upon the matter.

The only question, then, properly before the superior court in the case at bar was whether or not the letters written by the department to the claimant during the month of November, 1933, advising him that no compensation would be allowed for disability arising from the tubercular condition from which he had suffered, operated to commence the running of the statute of limitations as to any claim based upon or resulting from the tubercular condition, because claimant had failed to appeal from these letters.

We are clearly of the opinion that the letters cannot be considered as final orders. Claimant was still receiving attention from the department, and continued long after to be treated at its expense. The letters were not closing orders, and claimant was under no obligation to appeal therefrom to the superior court. The department repeatedly apparently terminated claimant's treatment and again at a later period afforded him relief. Claimant was receiving attention at or near the very time the letters were written.

To constitute a final order from which a claimant must appeal, it must clearly appear that the order is of such a nature. A claimant must be advised that all of his claims, or certain specified claims, as the case may be, are thereby finally determined. To hold otherwise, would require a workman, at his peril, to appeal to the courts from any letters which he might receive from the department, in which the department might express some view or opinion adverse to some contention on his part.

Apparently, the legislature intended to reserve to a workman his right of appeal until the entry of a final order closing his claim. By Rem. Rev. Stat., § 7697 [P. C. § 3488], it is provided that an appeal may be taken from "any order, decision or award," and that an appeal must be taken within sixty days from the communication of the order to the claimant. However, by subdivision (h), of Rem. Rev. Stat., § 7679 [P. C. § 3472], it is provided:

". . . that if within the time limited for taking an appeal from an order closing a claim, the department shall order the submission of further evidence or the investigation of any further fact, the time for appeal from such order closing the claim shall be extended until the applicant shall have been advised in writing of the final order of the department in the matter."

Construing these two sections together, it clearly appears that the legislature intended to give to a workman the right of appeal from a final order closing a claim, such order not being suspended during the time allowed for an appeal by inconsistent action by the department.

The department erred in ruling that the doctrine of *res judicata* applied to claimant, and the superior court erred in doing more than remand the case to the department for further investigation and the mak-

ing of such an order as the circumstances called for. The judgment appealed from is reversed, with instructions to the trial court to remand the case to the department for further proceedings and investigation of the claim and the entry of such an order as the record, when considered in its entirety, may show to be just.

The opinion in the case of *Noll v. Department of Labor & Industries,* 179 Wash. 213, 36 P. (2d) 809, is not out of line with this decision, as in that case the department had decided the matter on its merits, with the result that a remand would have simply called upon the department to determine questions which it had already decided. No such situation is presented here.

MITCHELL, BLAKE, HOLCOMB, and MAIN, JJ., concur.

