[No. 26448. Department Two. August 23, 1937.]

JOE PULIZ, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

[1]Reported in 71 P. (2d) 39.

W. H. *Sibbald,* for appellant.

The *Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

HOLCOMB, J.—This case was before us on a prior appeal, decided in 184 Wash. 585, 52 P. (2d) 347. The opinion in that case accurately describes the nature of the injuries to claimant and the proceedings therein up to the time of the judgment entered by the trial court on March 18, 1935. No further statement of the facts or the nature of the injuries to appellant is here necessary.

In that case, the judgment of the trial court was reversed, with instructions to remand the case to the department for further proceedings and investigation of the claim and "the entry of such an order as the record, when considered in its entirety, may show to be just."

In compliance with the order therein, the joint board proceeded to consider the claim as directed and on March 16, 1936, entered an order to the effect that the supervisor's order should be reversed with instructions to allow the claimant an award of forty-four degrees, less that already paid, together with time loss compensation from March 29, 1934, less that already awarded, to July 18, 1934, and to close the claim.

From that order, claimant again appealed to the superior court for a review of the department's action, and the court, after an examination of the record, entered its judgment increasing the award by fifteen degrees.

The trial court, among other things, found:

"That from said decision the plaintiff again appealed to the superior court and that on the 17th day of June, 1936, the matter came before this court, as hereinbefore

stated, and the court finds that on the 18th day of July, 1934, when plaintiff was last examined by the department's expert, the plaintiff was suffering from pains in the operative area of the left abdomen; that he had a lump in his abdomen near the left groin the size of a small orange; that he had lost both testicles; that he was unable to do any more physically than would be required on such a job as a flagman at a crossing; that he was suffering from a great tremor of both hands; that his condition is fixed; that the foregoing condition is the result of the accident, which forms the basis of this claim; that his disability on the 18th day of July, 1934, was, as stated above, and is fixed and is found to be a permanent partial disability of fifty-nine degrees, being fifteen degrees in addition to that heretofore paid and that he is entitled to an award of time loss from the 14th day of October, 1934, up to and including July 18, 1934, as a married man, at $40 a month less that already paid during that period; that the sum of $175 is a reasonable sum to be allowed as an attorney fee for the prosecution of this appeal."

Respondent opens its brief with motions to strike the statement of facts and abstract, dismiss the appeal, and affirm the judgment, for several reasons; among others, that the statement of facts is not properly certified. That is incorrect. The statement of facts has been certified and includes all of the record before the department. Other grounds for dismissing the appeal and affirming the judgment have been examined and found without merit. The motions are therefore denied.

Appellant contends that, since Rem. Rev. Stat., § 7679 [P. C. § 3472], prescribes that the highest partial disability award shall be eighty degrees, and that anything more is a total disability, not measured by degrees but by totality, places a man on a pension basis. Appellant also contends that the court erred in denying appellant time loss compensation from and after July 18, 1934.

The total degree of disability allowed by the trial court amounts to fifty-nine degrees permanent partial disability. All of the awards to claimant amount to a total of $1848.97.

No evidence is pointed out in the record by appellant that claimant was totally disabled as a result of the injuries. All of the medical testimony is to the contrary. The burden was upon claimant to show that his disability was total. This he has failed to do.

Rem. Rev. Stat., § 7679 (1), requires the department to make the segregation it did, as it prescribes:

"If it be determined by the department of labor and industries that an injured workman had, at the time of his injury, a preexisting disease and that such disease delays or prevents complete recovery from such injury the said department shall ascertain, as nearly as possible, the period over which the injury would have caused disability were it not for the diseased condition and/or the extent of permanent partial disability which the injury would have caused were it not for the disease, *and award compensation only therefor.*" (Italics ours.)

The court awarded the additional amount of $450 time loss beginning November 3, 1933, the date of the first operation on claimant, since the last final closing order at the rate of $40 per month up to and including July 18, 1934, less such time loss as has been paid during such time and the further sum of $175 as attorney's fees and costs to claimant.

As will be seen, that allowance is in accordance with the above quoted provisions of the statute, *supra.*

The judgment will be affirmed, and the department ordered to satisfy the judgment as directed by the trial court.

STEINERT, C. J., MILLARD, BEALS, and ROBINSON, JJ., *concur.*