[No. 27599.  Department One.  November 17, 1939.]

AIME DeSTOOP, *Respondent*, v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 95 P. (2d) 1026.

*The Attorney General, J. A. Kavaney* and *T. H. Little, Assistants,* for appellant.

*F. L. Morgan,* for respondent.

SIMPSON, J.—The department of labor and industries has appealed from a judgment of the superior court reversing an order of the joint board of the department denying a claim for temporary total disability.

The facts in this case leading up to the present appeal are stated in *DeStoop v. Department of Labor & Industries,* 197 Wash. 140, 84 P. (2d) 706.

After the remittitur had been filed in the superior court and the claim again referred to it, the department continued its refusal to comply with the order of the trial court compelling it to hold a hearing and ascertain the amount which claimant was entitled to receive as compensation for time loss due to temporary total disability.

The supervisor of industrial insurance determined that claimant was not entitled to compensation for temporary total disability. His decision was premised solely upon the trial court's failure to determine when claimant first suffered a permanent partial disability and upon an examination of the court records, which, he decided, established the fact that the permanent partial disability existed at the time of the original closing of the claim in March, 1934. For these reasons, he concluded that there could be no temporary total disability award. The joint board denied an application for rehearing, but, nevertheless, sustained the supervisor in his findings and decision. Upon appeal, the superior court not only reversed the joint board's decision but granted claimant $858.12 for temporary total disability. This appeal follows.

At the outset, some difficulty and confusion arises by reason of the inconsistency between the state department's contention made in refusing to ascertain the extent of temporary total disability in accordance with the trial court's first judgment and its contention made after the appeal of this case to the courts. As stated, the department failed to determine the extent of temporary total disability in accordance with the judgment of the superior court in the first appeal for the reason that the court record disclosed that the permanent partial disability existed at the time the claim was originally closed, and this upon the theory, we presume, that two classifications of disability from a single injury cannot exist concurrently; that a claimant may not be classified as having a permanent partial disability and at the same time be suffering a temporary total disability, both arising from the same injury. On the other hand, the department's contention in this appeal, made both in the superior and supreme courts, but not made a ground for its failure to fix the period or amount of temporary total disability, is that in no case may compensation be paid for an aggravation of an injury for a period preceding the application therefor, relying upon Rem. Rev. Stat., § 7686 [P. C. § 3480] (c), which provides:

"If change of circumstances warrants an increase or rearrangement of compensation, like application shall be made therefor. No increase or rearrangement shall be operative for any period prior to application therefor."

We shall first consider the applicability of Rem. Rev. Stat., § 7686 (c). In *Lawe v. Department of Labor & Industries,* 189 Wash. 650, 66 P. (2d) 848, this court announced a well established rule as follows:

"In the absence of an appeal, the department would be forever bound by that judgment, and the only way

in which the department can secure a review by this court of the question decided by the superior court is by an appeal from that judgment."

The judgment of the superior court in the first appeal was not reviewed by this court and is, therefore, upon the principle of *res judicata* as above announced, binding upon the department. An examination of the record in that appeal, contained in an exhibit, discloses that one of the court's conclusions of law is

" . . . that the cause should be referred back to the department with instructions to compensate the claimant for such time loss as the claimant shall have suffered *subsequent to the previous allowance for time loss.*"

The state department recognized the force of this decision, for in the order of the supervisor of industrial insurance made upon the remand of claimant's first appeal to the superior court, it is recited that the court directed "the department to investigate the question as to whether any time loss had been suffered by the claimant *subsequent to the previous allowance by the department.*" We conclude that the contention cannot be successfully made in this case that Rem. Rev. Stat., § 7686 (c), precludes claimant from receiving, or prevents the department from awarding, temporary total disability compensation for any period between the first closing of the claim and the making of the application for aggravation to which the department may find him to be entitled.

The second matter for consideration involves the disposition of the case by the superior court.

It has been repeatedly held that courts have no original jurisdiction in the administration of the workmen's compensation act. Thus, in *Maddox v. Industrial Ins. Commission,* 113 Wash. 137, 193 Pac. 231, it was said:

"Appellant had no cause of action of which the court had original jurisdiction . . . The commission had exclusive jurisdiction and appellant had only the right of appeal from its order."

Again, in *Maddox v. Industrial Ins. Commission,* 119 Wash. 21, 204 Pac. 1057, it was stated:

"The jurisdiction of the superior court over such controversies is appellate only, and not original. This is true though some of the questions arising in such controversies brought into the superior court for review are triable *de novo;* but that does not mean that even as to such questions they may in the first instance be tried in the superior court."

In *Cole v. Department of Labor & Industries,* 137 Wash. 538, 243 Pac. 7, this court, after quoting from Rem. Comp. Stat., § 7697 (now Rem. Rev. Stat., § 7697 [P. C. '§ 3488]), which relates to the jurisdiction of the courts, said in part:

"This language, it seems to us, clearly shows a legislative intent that the superior court shall not have any original jurisdiction in the administration of the law, or decide any question to be decided in the first instance by the department. It seems to us, the lawful inquiry, upon review in the superior court, is only with reference to a question or questions which have been actually decided by the department. When the department decided that Cole was not injured as the result of a fortuitous event, and that, therefore, he had no right whatever to compensation, it manifestly made no decision on the question of proper classification or degree of any injuries suffered by him. Indeed, the department then had no occasion to decide any such questions. For the superior court to entertain those questions and determine the amount of compensation, as it did in this case, was to assume original jurisdiction over a subject within the exclusive original jurisdiction of the department. It seems to us, that to allow the superior courts to render judgments going to the extent of the one here in question would be to allow

them to exercise original jurisdiction in the administering of the law, in every case wherein the department should decide that the claimant was not injured as the result of a fortuitous event, and the superior court, upon review, should decide otherwise. This, we feel quite sure, would be going clearly beyond both the letter and spirit of the law."

This rule has been adhered to in the following cases: *DuFraine v. Department of Labor & Industries,* 180 Wash. 504, 40 P. (2d) 987; *Puliz v. Department of Labor & Industries,* 184 Wash. 585, 52 P. (2d) 347; *Smith v. Department of Labor & Industries,* 185 Wash. 443, 55 P. (2d) 603; *Woodard v. Department of Labor & Industries,* 188 Wash. 93, 61 P. (2d) 1003; *Tennyson v. Department of Labor & Industries,* 189 Wash. 616, 66 P. (2d) 314; and *State ex rel. Winningham v. Olinger,* 190 Wash. 697, 70 P. (2d) 317.

In the instant case, the state department, because of its interpretation of the decision of the court in the first appeal, determined that it was precluded from finding that there was any compensable temporary total disability subsequent to the original closing of the claim. The issue raised by the appeal from this determination was not how much temporary total disability the claimant had suffered, but whether the department's interpretation of the court's decision was correct. There should have been a remand with directions to act in conformity with the court's interpretation of the earlier judgment.

Rem. Rev. Stat., § 52 [P. C. § 8564], provides, *inter alia,* that the superior court had the power to compel obedience to its judgments, decrees, orders, and process. *DeStoop v. Department of Labor & Industries, supra.*

That a refusal of the administrative department to act does not transfer its administrative functions to the

courts, is expressed in *Puget Sound Nav. Co. v. Department of Public Works*, 152 Wash. 417, 278 Pac. 189, wherein it was held that the lawful inquiry upon review in the superior court is only with reference to a question or questions which have actually been passed upon by the state department. In that case, the court held that, when the state department decided that it was not necessary to pass upon a certain point and the superior court found that it was necessary, that court could not undertake a determination of the point, but must remand the case to the department with instructions to ascertain the facts and make its order accordingly.

The decision of the superior court will be reversed, and the case remanded with direction to proceed in conformity with this opinion.

MAIN, MILLARD, and ROBINSON, JJ., concur.

BLAKE, C. J. (dissenting)—I think it is apparent from the record that the judgment of the superior court was entered pursuant to its appellate jurisdiction under Rem. Rev. Stat., § 7697 [P. C. § 3488]. I therefore dissent.