[No. 35400. Department One. February 23, 1961.]

W. H. SHUFELDT, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Roy E. Jackson*, for appellant.

*The Attorney General* and *Elihu Hurwitz, Assistant*, for respondent.

FOSTER, J.—Appellant, an injured workman under the industrial insurance act, appeals from a judgment dismissing his appeal to the superior court from adverse orders of the Supervisor of Industrial Insurance and the Board of Industrial Insurance Appeals deciding that there was no relationship of cause and effect between his compensable injury and a disabling heart condition.

Following leg surgery, the attending physician reported to the Supervisor of Industrial Insurance that the surgery had resulted in injury to the heart. Whereupon, the Super-

[1]Reported in 359 P. (2d) 495.

visor of Industrial Insurance closed the workman's claim with a substantial allowance for the leg and back disabilities, from which order the workman appealed to the Board of Industrial Insurance Appeals. That tribunal, after hearing all of the evidence presented by the parties, made a finding of fact that the Supervisor of Industrial Insurance had made "No allowance . . . for any heart condition" and that "The real issue presented for determination therefore is one of causal relationship between the claimant's heart condition and his injury and the surgery in connection therewith."

The Board of Industrial Insurance Appeals affirmed the order of the Supervisor of Industrial Insurance denying compensation for any disability attributable by the injury to the heart.

Before the Board of Industrial Insurance Appeals, the appellant offered substantial evidence that there was a relationship of cause and effect between the heart damage and the injury. The respondent, on the other hand, offered substantial proof to the contrary. The trial court took the matter away from the jury upon the hypothesis that, in the absence of a medical opinion as to the percentage of the disability, there was no question to submit to the jury. The court said:

"I feel that I would let the question, on this record, go to the jury, of causal relationship, as far as the heart is concerned. . . .

"I would like to do it, if I could, take a verdict upon this causal relationship on the heart condition, send it back to the Department, if I thought I could legally. If there is any discretion in the matter I would exercise it in that way. . . .

"I believe I do not have the power, under the decisions, because they have held that this Act is such we should not try these piecemeal, and that the record should be made before the Board, the entire record, and they place the entire burden of that upon the claimant to do so, and they hold that it is your duty to have a percentage opinion based upon the hypothesis that the heart trouble was due to the— . . .

"I would be glad to make a finding, if I had discretion in the matter, that I would take a verdict on that heart condition and the causal relation, and I would reverse it and send it back to the Department to consider that and then make a finding on the condition."

The only question decided by the Board of Industrial Insurance Appeals was that the disability to the appellant's heart was not the result of the industrial injury. The Supervisor of Industrial Insurance made a similar ruling. It was upon this issue that the appeal to the Board of Industrial Insurance Appeals was taken. *LeBire v. Department of Labor & Industries*, 14 Wn. (2d) 407, 128 P. (2d) 308, is conclusive that the supervisor's decision would bar any subsequent award for a heart disability.

The jurisdiction of the superior court on review of a decision of the Board of Industrial Insurance Appeals is appellate only. It has no original jurisdiction. It can decide only matters decided by the administrative tribunals. The only issue before the superior court upon the appeal in this case was the correctness of the department's decision holding that there was no relationship of cause and effect between the injury and any disability attributable to a heart condition. The department did not, nor did the Board of Industrial Insurance Appeals, consider the question of the extent of any disability attributable to the heart condition. Under such circumstances, the only issue in the superior court was the one decided by the Board of Industrial Insurance Appeals. The controlling rule of law was last stated in *Lane v. Department of Labor & Industries*, 34 Wn. (2d) 692, 698, 209 P. (2d) 380:

"The trial court erred in submitting to the jury any question concerning the amount of compensation which respondent should receive, the court having no original jurisdiction to determine matters which were not decided by the joint board. *Cole v. Department of Labor & Industries*, 137 Wash. 538, 243 Pac. 7; *DuFraine v. Department of Labor & Industries*, 180 Wash. 504, 40 P. (2d) 987; *DeStoop v. Department of Labor & Industries*, 1 Wn. (2d) 340, 95 P. (2d) 1026."

The trial court was of the view that this, likewise, was the issue but that he was precluded from submitting that question to the jury by our decided cases. The trial judge said:

"I would be glad to make a finding, if I had discretion in the matter, that I would take a verdict on that heart condition and the causal relation, and I would reverse it and send it back to the Department to consider that and then make a finding on the condition."

The cause is reversed and remanded to the superior court with instructions to grant a new trial upon the single issue of the relationship of the injury to the claimed heart condition.

MALLERY, DONWORTH, WEAVER, and HUNTER, JJ., concur.