[No. 25356. Department One. March 18, 1935.]

B. Soko, *Appellant,* v. The Department of Labor and Industries, *Respondent.*[1]

*Lawrence Seltzer,* for appellant.

*The Attorney General* and *Browder Brown, Assistant,* for respondent.

Beals, J.—During the latter part of 1926, B. Soko, then forty years of age, was working as a coal miner in the employ of the Roslyn Cascade Coal Company. On the fourteenth of December, during the course of his employment, he was struck by a car, sustaining back and hip injuries.

After consideration of his condition by the department and payment of time loss, he was, October 29, 1928, classified as ten degrees disabled. On appeal to the joint board, his condition was again considered, and the claim reopened. October 17, 1929, the claim was again closed, with a permanent partial disability

[1]Reported in 42 P. (2d) 42.

award of sixty degrees. Mr. Soko applied for a re-opening of the claim, this application, after further examination, being denied by the supervisor, which ruling was affirmed by the joint board July 13, 1931. The claimant did not appeal from this order.

March 8, 1932, Mr. Soko again applied for a re-opening of his claim, alleging that his condition had become worse, and asking for further treatment and compensation. After examination of the claimant, his application for reopening the matter was denied. From this order, no appeal was taken.

During the month of July, 1932, acting through other counsel, Mr. Soko again applied for further considera-tion of his claim; a similar application being filed by him through still another attorney November 7, 1932, which latter application was granted. Before ruling upon this application, the department caused the claim-ant to be again examined, the physician reporting that, in his opinion, there was no evidence of aggravation. The supervisor thereupon refused to reopen the claim, from which order an appeal was taken to the joint board. On the hearing before this body, claimant vig-orously contended that his condition had become stead-ily worse, and that he was unable to work. After what appears to have been a very thorough investigation, the joint board refused to reopen the claim, from which order Mr. Soko appealed to the superior court. After a hearing, the court entered judgment affirming the decision of the joint board, from which judgment the claimant has appealed to this court.

Appellant contends that, upon the record made, the superior court should have entered judgment in his favor, making him an additional award on account of increased disability suffered by him since the depart-ment closed his claim with an award of sixty degrees.

The question to be considered is whether or not the

record shows that, since the closing of his claim by the department, appellant's condition has become aggravated. If it appears that such is the case, then appellant may be entitled to receive a further award. Appellant now contends that he is absolutely unable to work, and that he should be classified as a total disability case and compensated accordingly.

As above stated, the question considered by the trial court, and to be determined on this appeal, is: Has appellant's disability become aggravated since the order of the department entered October 17, 1929, whereby his disability was fixed at sixty degrees? Mr. Soko not having appealed from the orders of the joint board refusing to reopen his case, the courts cannot correct any error of the department, if any error there was, in fixing appellant's disability as above stated.

Appellant contends that the ligaments of his hip joint have become ossified, and that he is at this time unable to engage in any gainful occupation. It is evident that the department has given appellant's claims very careful consideration, the record being replete with reports of examinations of appellant made by able physicians. It seems clear that ossification is a progressive disease. The department, however, determined that it did not appear that appellant's condition had become aggravated since the date of the sixty degree disability award. It is, of course, possible that the disease might be somewhat worse, and still appellant's disability no greater.

Appellant relies upon the testimony of a physician who stated that appellant could engage in any work which he could do while sitting, and that, while in that position, he could work all day and suffer no pain. The same physician, testifying for appellant, stated:

"I wouldn't say the man was totally and permanently disabled on all kinds of work. I said work where

he would have to be on his feet all the time or a long time, but I mean this man will never be able to get out and walk around, be on his feet and use both hands and he will never be able to walk without a limp as long as he lives."

The same witness testified that in giving his opinion, he was compelled, to some extent at least, to rely upon what the appellant told him concerning his condition.

Another physician, who, under instructions from the department, had examined appellant at intervals of several years, testified that, both from his examination of appellant and from his study of X-rays taken of appellant, it was his opinion that appellant's condition had not become aggravated since the award of sixty degrees.

Examination of the record convinces us that it cannot be held that the trial court erred in refusing to reverse the order of the department, and the judgment appealed from is accordingly affirmed.

MILLARD, C. J., TOLMAN, MAIN, and GERAGHTY, JJ., concur.