[No. 27545. Department Two. September 25, 1939.]

CHARLES CARLSON, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*W. H. Sibbald*, for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant*, for respondent.

GERAGHTY, J.—This appeal is from a judgment of the superior court sustaining the decision of the joint board of the department of labor and industries approving the action of the supervisor of the department

[1]Reported in 94 P. (2d) 191.

in refusing to reopen a claim for payment of additional compensation on account of aggravation.

Claimant, on December 27, 1932, was struck in the lower abdomen by a piece of timber which "kicked back" from the saw he was operating. He was thrown to the floor from a platform on which he was standing, and sustained the injuries for which he claimed compensation. March 6, 1933, the department made an order closing the claim, with payment of time lost to March 1st.

The claimant did not appeal from this order, but, December 2, 1933, filed an application for the reopening of his claim, alleging that, subsequent to its final closing, there had developed a deep pain in the lower left portion of his abdomen and extending into his hip, back, and down the left leg. Upon the filing of this application, the department caused the claimant to be examined by its medical examiner, who reported that he was unable to find any evidence of aggravation subsequent to the former examination of March 1, 1933, and expressed the opinion that, were it not for the preexisting osteo-arthritis and focal infection, time lost would not have been over four weeks, and there would be no permanent partial disability. Upon this report, the supervisor denied the application for the reopening of the claim.

A rehearing before the joint board was granted on the claimant's petition. Preceding the rehearing, the department caused him to be examined by a commission of three doctors, who confirmed the prior report of the medical examiner to the effect that the claimant's condition was not due to the injury he had sustained, but, rather, to "hypertrophic arthritis and other foci of infection." Upon this report and other evidence offered at the hearing, the joint board, October 15, 1934, made an order finding:

"After careful review and consideration of the entire records, facts and testimony in the matter, the joint board concludes that the claimant had proven no objective or definite aggravation of disability. That medical examination and testimony proves conclusively that the claimant has suffered no aggravation of disability due to the injury; the joint board concludes that aggravation, if any, is due not to the claimant's injury but to a pre-existing disease for which the department is not responsible. That therefore the supervisor's refusal to reopen the claim on the grounds of aggravation of disability was correct and is hereby sustained."

Upon claimant's appeal from the ruling of the joint board to the superior court, the issue was submitted to a jury, which returned a verdict finding claimant's total disability attributable to his injury. The court, however, March 11, 1935, granted the department's motion for a judgment of dismissal notwithstanding the verdict, upon the ground that there was nothing in the record warranting a reversal of the departmental decision refusing to reopen the claim.

The claimant did not appeal from this judgment, but, February 27, 1936, again made application for the reopening of his case by the department on the ground of aggravation, alleging that "the back injury has become greatly aggravated." The department caused the claimant to be again examined by the same commission of three doctors who had before examined him. They reaffirmed their previous finding that his condition was due solely to preexisting osteo-arthritis along the spinal column. Upon refusal of the department to reopen the claim, an application for rehearing before the joint board was made.

At the hearing which followed before the joint board, the claimant was not allowed to introduce evidence in respect to the effect of the preexisting arthritic con-

dition, for the stated reason that there had previously been a decision on that issue adverse to the claimant. Claimant thereupon offered to prove that his condition was one growing out of the injury without limiting himself "in any way to the arthritic condition which doctors have testified existed." Upon the rejection of this offer of proof, the hearing ended, and the board made an order sustaining the supervisor's denial of the claim for aggravation.

On appeal, the superior court overruled the joint board and remanded the claim, with direction to grant an unrestricted and full hearing.

A full hearing was had before the joint board in compliance with the court's decision, and, at its conclusion, the action of the supervisor was sustained. On appeal to the superior court from this decision, the court not only adjudged that the superior court judgment entered March 11, 1935, sustaining the decision of the joint board, concluded the claimant on the existence of aggravation of his arthritic condition, but went further and decided the case on the merits, sustaining the finding of the joint board. The present appeal followed.

It seems hardly necessary to cite cases in support of the principle applicable to a judgment on the merits not appealed from. That such a judgment precludes the later raising of issues settled thereby is beyond question. That the issue raised in the present appeal presents nothing new or different from that involved in the first appeal is clearly manifest, for the issue there was whether or not the arthritic condition was in any degree attributable to the accident, and that is the specific issue presented on this appeal.

In *DePre v. Pacific Coast Forge Co.*, 151 Wash. 430, 276 Pac. 89, a case before the court on a second appeal, we said, with respect to the first appeal:

"The principal question there before us was whether the facts relegated the respondent to relief under the workmen's compensation act, and our decision was that they did not. The decision, under our repeated holdings, became the law of the case, and we would not now inquire into the question were we convinced that our first holding was erroneous."

The trial court correctly held the claimant estopped by the judgment of March 11, 1935. The court further held that, on the merits, the claimant had failed to overcome the presumption of correctness attaching to the decision of the joint board.

In view of the fact that the judgment must, in any event, be affirmed on the first ground stated by the court, it is unnecessary to discuss the facts further than to say that a careful reading of the departmental record satisfies us that the trial court's conclusion on the issue was correct.

The judgment is affirmed.

BLAKE, C. J., MILLARD, SIMPSON, and JEFFERS, JJ., concur.