[No. 28631. Department Two. July 31, 1942.]

ARTHUR LeBIRE, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

[1]Reported in 128 P. (2d) 308.

*Tim Healy* and *Harry Ellsworth Foster,* for appellant.

*The Attorney General* and *T. H. Little, Assistant,* for respondent Department of Labor & Industries.

*W. E. Heidinger* and *T. J. Hanify,* for respondent Weyerhaeuser Timber Company.

STEINERT, J.—Claimant, an injured workman, made application to the department of labor and industries for the reopening of a claim which had been filed and closed some time before, and for the allowance to him of additional compensation for aggravation of his previous disability. The application was denied by the supervisor of the department and by the joint board, and, on appeal to the superior court, a judgment was rendered sustaining the action taken by the departmental authorities. The claimant workman thereupon appealed to this court.

Appellant, Arthur LeBire, was employed by the respondent Weyerhaeuser Timber Company at Everett, Washington. On April 20, 1937, while working in the boiler room in the respondent company's mill, he slipped and fell, striking his right knee against an angle iron alongside a brick wall. The injury caused some immediate swelling of the knee and was accompanied with pain, but appellant did not at the time consider it serious. He continued thereafter for several months to report regularly for work without having any medical attention except that on May 3rd, at the suggestion of the company's foreman, he consulted a physician, who bandaged the injured limb. The swelling and pain, however, persisted.

In the early part of August, while laying some tile, appellant slipped from a scaffold and strained his left knee. By September 23rd, both knees had become so swollen and painful that he was compelled to cease work entirely, and he has not worked at any time since then, except for two and a half hours on October 18, 1937. On October 20th he filed with the department a claim for compensation for the injury to his right knee. Following an investigation, and pending a more complete examination, appellant was paid monthly time loss compensation.

On May 27, 1938, appellant was examined by a commission of three doctors, who rendered a report stating, as their conclusions, that

"Mr. LeBire has an unquestionable multiple chronic proliferative arthritis involving many joints which he dates to a bruise on his right knee. This illness can not in any way be considered related in etiology or incidence to the above injury but is more likely closely aligned to the prostatic and dental infections [found by the doctors to exist]. The trauma of the injury of Apr. 20, 1937 when the claimant bumped his knee against a brick wall can be considered only as an injury superimposed on a preexisting condition with a possibility as serving in the nature of an aggravation. We recommend therefore that this injury be segregated from the remaining illness and that a P. P. D. [Permanent Partial Disability rating] of 5 degrees be awarded to cover this minor injury, and that the claim be closed on this basis."

Pursuant to that report, and upon consideration of the complete record at that time, the supervisor of industrial insurance on behalf of the department made an order on July 8, 1938, allowing appellant time loss compensation to that date, together with five degrees permanent partial disability, but at the same time specifically "denying any and all responsibility or liability for treatment and disability caused by the multiple chronic proliferative arthritis." On July 11th the supervisor entered an order closing the claim on that basis.

About two weeks later, appellant, through a firm of attorneys, filed a petition for rehearing by the joint board of the department. In his petition he claimed error on the part of the supervisor in refusing further time loss compensation and in fixing his permanent partial disability at only five degrees; he also alleged that he was totally incapacitated and prayed that he be given further time loss compensation and treatment,

together with an increased allowance for permanent partial disability. The petition for rehearing was granted, and on October 24, 1938, the appellant was again examined by a commission, consisting of five doctors. The commission reported that appellant's general condition had improved somewhat in the meantime, but declared that the injury of April 20, 1937, was not the "primary factor" in appellant's existing condition of involved joints, and in conclusion expressed the view that the previous award was sufficient to cover the damage caused by the original injury.

Before the time for rehearing on the petition had arrived, an agreement of settlement was made, in consequence of which appellant on November 10, 1938, formally and in writing signed by himself and his attorneys, withdrew his "appeal" to the joint board, conditioned upon the payment to him of a stipulated amount of time loss compensation and an increased permanent partial disability allowance of fifteen degrees. In his notice of withdrawal of appeal, appellant further agreed that the department might segregate and deny liability for preexisting arthritis and gonorrheal infection. Pursuant to that agreement and withdrawal of appeal, and upon the waiver by the respondent employer of any protest against the contemplated award, the joint board entered an order on November 14, 1938, directing that the appeal be dismissed with prejudice to all issues involved therein and remanding the matter to the supervisor for payment and closure in accordance with the terms of settlement agreed upon by the parties. Notice of that order was sent to appellant and to his attorneys, and no appeal was ever taken therefrom. Pursuant to the order of the joint board, the supervisor on November 15th entered a corresponding order closing the claim on the terms prescribed, but again denying "any and all responsibility and liability

for treatment of the preexisting arthritis and gonorrheal infection and any disability necessitated thereby." Notice of that order was likewise sent to appellant and his attorneys, but no steps were ever taken to review that order on rehearing or by appeal.

About eighteen months later, in May, 1940, appellant, assisted by his attorneys above mentioned, again made application to the department for the reopening of his claim and the allowance of further time loss compensation. The matter was once more referred to a commission of three doctors, who examined appellant and thereafter reported that he had a chronic systemic disease and progressive arthritis, but that there had been no aggravation of his condition due to injury to his right knee. Based upon that report, and upon consideration of the complete record, an order was entered by the supervisor on July 9, 1940, directing that the claim remain closed in accordance with the preceding order and notice of November 15, 1938. Appellant did not file any petition for rehearing with respect to the action thus taken by the supervisor, nor did he take any steps to have the supervisor's order of July 9, 1940, ultimately reviewed by the superior court.

Seven months later, however, on February 7, 1941, appellant, under the guidance of his present counsel, again made application to the department for the reopening of his claim, alleging in his application that his knees had become stiff and more painful, that his general condition had become progressively worse, and that he was then almost totally blind. The present appeal grows out of the action taken by the department on this last application.

The supervisor, on receipt of the application, referred the matter to a commission composed of three doctors. Following a physical examination of the patient, the commission reported that appellant was

suffering from an advanced multiple chronic proliferative arthritis of a fulminating type, with multiple severe ankylosis and contractures, but that the injury of April 20, 1937, had played no part in his present illness, even though his existing condition showed a marked increase in disability since the last examination, rendering him totally and permanently disabled. Upon consideration of the findings and conclusions made by the medical commission, the supervisor entered an order on April 16, 1941, directing that the claim remain closed in accordance with the final notice given November 15, 1938.

Appellant thereupon petitioned for, and was granted, a rehearing by the joint board. At the rehearing, he introduced the testimony of himself, his wife, and his attending physician. The department introduced no testimony, nor did the respondent Weyerhaeuser Timber Company. Thereafter, on July 21, 1941, the joint board entered its order sustaining the supervisor's action in refusing to reopen the claim. From that order, the workman appealed to the superior court.

The cause came on duly for trial in the superior court before a jury. The respondent Weyerhaeuser Timber Company moved the court to dismiss the appeal on two grounds: (1) that the joint board's order of November 14, 1938, dismissing appellant's then pending "appeal" before the board, and the supervisor's final closing order of November 15th, which denied liability for treatment required, or for disability caused, by the arthritis, were final adjudications and, no appeal having been taken therefrom, became *res judicata* of the same issues as presented by appellant's petition for reopening filed February 7, 1941; and (2) that there was no evidence in the record that could support a finding by the jury that appellant's condition had become aggravated since his claim was last closed by the depart-

ment, or since his petition to reopen, filed in May, 1940, was denied. The department joined in that motion, but only upon the second ground, that of alleged insufficiency of the evidence to support a verdict for the appellant. The court granted the motion upon both grounds and accordingly entered judgment dismissing the appeal from the joint board's order of July 21, 1941. From that judgment, the claimant workman has appealed to this court.

Our decision on the question of *res judicata,* presented as the first ground of the respondent company's motion to dismiss, is determinative of the present appeal.

It is clear from the record that the department entered its orders of November 14 and 15, 1938, and July 9, 1940, respectively, on the basis of Rem. Rev. Stat., § 7679 [P. C. § 3472] (1) which provides:

"If it be determined by the department of labor and industries that an injured workman had, at the time of his injury, a preexisting disease and that such disease delays or prevents complete recovery from such injury the said department shall ascertain, as nearly as possible, the period over which the injury would have caused disability were it not for the diseased condition and/or the extent of permanent partial disability which the injury would have caused were it not for the disease, and award compensation only therefor."

It is also clear from the record that, by those orders, the department adopted the findings and recommendations of the several medical commissions and denied all responsibility and liability for disability and treatment caused by arthritis or infection, and thereupon, with the knowledge and consent of appellant, segregated the traumatic injury from the remaining illness or disease, allowing compensation only for time loss and for a specified degree of permanent partial disability. In other words, the department determined that at the time of his injury appellant had a preexisting disease.

of arthritis, that his arthritic condition was not due or related to the knee injury, and that the department would assume no responsibility whatever for the disability caused by the disease. The basic issue thus determined by the joint board is the same issue now presented on this appeal, namely, whether appellant's arthritic condition is attributable to his knee injury.

The joint board of the department of labor and industries is created by statute, with power to hear controversies arising out of the workmen's compensation act and to determine the rights of both employers and employees. In such matters it acts judicially, or at least quasi-judicially. *Mud Bay Logging Co. v. Department of Labor & Industries,* 189 Wash. 285, 64 P. (2d) 1054. Accord, *Prince v. Saginaw Logging Co.,* 197 Wash. 4, 84 P. (2d) 397. From any order, decision, or award made by the joint board, an appeal may be had to the superior court. Rem. Rev. Stat., § 7697 [P. C. § 3488]. The court, however, acts only in an appellate capacity and does not exercise original jurisdiction in such controversies. *DeStoop v. Department of Labor & Industries,* 1 Wn. (2d) 340, 95 P. (2d) 1026, and cases therein cited. The department is thus the original and sole tribunal with power to determine the facts, and its findings are reviewable only on appeal.

It is now the settled rule in this state that an order or judgment of the department resting upon a finding, or findings, of fact becomes a complete and final adjudication, binding upon both the department and the claimant unless such action of the department is set aside upon appeal or is vacated for fraud or something of like nature. *Abraham v. Department of Labor & Industries,* 178 Wash. 160, 34 P. (2d) 457; *Powell v. Department of Labor & Industries,* 178 Wash. 699, 34 P. (2d) 459; *Kloeppel v. Department of Labor & Industries,* 178 Wash. 699, 34 P. (2d) 459; *Ek v. Department*

*of Labor & Industries,* 181 Wash. 91, 41 P. (2d) 1097; *Soko v. Department of Labor & Industries,* 181 Wash. 153, 42 P. (2d) 42; *Luton v. Department of Labor & Industries,* 183 Wash. 105, 48 P. (2d) 199; *Nagel v. Department of Labor & Industries,* 189 Wash. 631, 66 P. (2d) 318; *Hunter v. Department of Labor & Industries,* 190 Wash. 380, 68 P. (2d) 224; *Mud Bay Logging Co. v. Department of Labor & Industries,* 193 Wash. 275, 75 P. (2d) 579; *Prince v. Saginaw Logging Co.,* 197 Wash. 4, 84 P. (2d) 397; *Carlson v. Department of Labor & Industries,* 200 Wash. 533, 94 P. (2d) 191.

In the *Abraham* case, *supra,* the department, having originally determined that an injured workman was employed in a service which brought him within the protection of the workmen's compensation act, endeavored two years later to set aside its previous determination. This court, in denying the power of the department to take such action, said:

"Under the express terms of statutory law and in accord with its beneficial purposes, the department has original and exclusive jurisdiction, in all cases where claims are presented, to determine the mixed question of law and fact as to whether a compensable injury has occurred. . . .

"Since the department is the original and sole tribunal with power to so determine the facts, and its findings are reviewable only on appeal, it must follow that a judgment by it resting upon a finding of fact that the workman was so employed at the time of injury as to be within the act, is final and conclusive upon the department and upon the claimant, unless set aside on an appeal authorized by the statute, or unless fraud, or something of like nature, which equity recognizes as sufficient to vacate a judgment, has intervened."

In that case, and in a number of others of those above cited, the rule operated against the department. In the *Carlson* case, *supra,* the last in the list cited above, and

in some of the cases preceding it, the rule operated against the workman or the claimant. The *Carlson* case is in all respects, with the exception of two particulars to be noticed later, substantially identical, in point of fact, with the case at bar. In the *Carlson* case a workman claiming aggravation of his injury made application to the department to reopen a claim upon which he had previously been paid compensation. His application was denied by the supervisor. On rehearing, the joint board sustained the supervisor's action on the ground that "aggravation, if any, is due not to the claimant's injury but to a pre-existing disease for which the department is not responsible." The workman then appealed to the superior court, which rendered judgment affirming the decision of the joint board, from which judgment the workman did not further appeal. The workman later made another application to the department to reopen his claim. That application was denied by the supervisor, and the latter's action was sustained by the joint board on rehearing and by the superior court on appeal. The workman thereupon appealed to this court. In affirming the judgment of the superior court, this court said:

"It seems hardly necessary to cite cases in support of the principle applicable to a judgment on the merits not appealed from. That such a judgment precludes the later raising of issues settled thereby is beyond question. That the issue raised in the present appeal presents nothing new or different from that involved in the first appeal is clearly manifest, for the issue there was whether or not the arthritic condition was in any degree attributable to the accident, and that is the specific issue presented on this appeal."

That case differs from this one in only two respects: (1) in the *Carlson* case, the workman failed to appeal from a judgment of the superior court, and for that

reason this court held that the judgment became conclusive of the issues settled thereby, while in the case at bar the workman failed to appeal from the final order of the joint board, and the superior court held that such order was conclusive of the issues which that order had determined; and (2) in this case, the workman stipulated to the entry of the order by the joint board, whereas in the *Carlson* case there was no such stipulation.

The first point of difference is of no materiality, for the reason, as already stated, that the order of the joint board was a final adjudication of a tribunal acting judicially, or at least quasi-judicially, and when the time allowed for taking an appeal expired, it became conclusive of the issues determined thereby and binding upon the appellant, against whom it ran.

The second point of difference is likewise of no consequence, because a final order or judgment, settled and entered by agreement or consent of the parties, is no less effective as a bar or estoppel than is one which is rendered upon contest and trial, unless, of course, the judgment has been obtained through fraud or mistake. *Winton Motor Carriage Co. v. Blomberg,* 84 Wash. 451; 147 Pac. 21; 34 C. J. 779, Judgments, § 1198; 31 Am. Jur. 107, Judgments, § 463; note, L. R. A. 1918B, 525. There is no claim of fraud or mistake in this case.

Appellant contends that his stipulation agreeing that the department might segregate and deny liability for preexisting arthritis and gonorrheal infection was void because it amounted to an attempt on his part to waive future rights accruing to him under the industrial insurance act, in violation of the provisions of Rem. Rev. Stat., § 7685 [P. C. § 3479]. We cannot agree with this contention. The stipulation was made in the light of the successive reports rendered by the medical

examiners concerning appellant's condition and its cause. Appellant and his attorneys were fully aware of those reports and of the position taken by the department. The stipulation was not a waiver of any *future right* to compensation for an aggravation of an arthritic condition, but rather was it a recognition and admission by appellant that in reality *such condition was not due to the injury.*

Regardless, however, of whether the stipulation was valid or void, the order of the joint board constituted a final judgment upon definite issues then before it, from which no appeal was taken, and it is immaterial whether appellant consented to the entry of such order or judgment, or whether he resisted it.

█ Appellant further contends that Rem. Rev. Stat., § 7679 (1), quoted in full above, does not apply to a case of permanent total disability, such as this is claimed to be, but only to a case involving permanent partial disability. That question is not properly before us in this proceeding. If this were an appeal from a judgment affirming an order wherein the joint board, although recognizing that appellant's condition was one of permanent total disability and that it was the result of his knee injury, had nevertheless segregated the pre-existing disease from the injury, allowing compensation only as for a permanent partial disability, then the question presented upon this contention might properly be before us. But that is not the situation here. The joint board found, as a matter of fact, that appellant's arthritic condition was *not* the result of the injury, and its order was based primarily on that fact. No appeal was taken from that order. If the joint board committed error in its finding or in its application of Rem. Rev. Stat., § 7679 (1), its order would be subject to reversal on direct appeal therefrom. But since the joint board had jurisdiction of the subject

matter and of the parties, and acted within the scope of its power, its judgment was not void, and since no appeal was taken therefrom it is conclusive and, under the doctrine of *res judicata*, bars further litigation upon the same matters. The question involved in this proceeding is whether appellant's present arthritic condition is due to the original injury. That very question was decided by the joint board by its order antedating the one on which this proceeding is based, and no appeal was taken from the earlier order. It is therefore *res judicata* of the issues now sought to be relitigated.

The judgment is affirmed.

ROBINSON, C. J., BEALS, BLAKE, and JEFFERS, JJ., concur.

