[No. 29194.   Department Two.   February 23, 1944.]

TONEY ROMANO, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 146 P. (2d) 186.

*Robert F. Sandall,* for appellant.

*The Attorney General* and *Harry L. Parr, Assistant,* for respondent.

MALLERY, J.—The claimant, Phillip Orlando, a steel worker, was employed by Toney Romano, the appellant. As a result of a claim for an injury received in the course of his employment, the department of labor and industries, on March 24, 1939, on the basis of claimant's acknowledgment by affidavit of a preexisting traumatic arthritis and the conclusion of the medical examiners that the claimant was suffering from osteochondritis arthritis involving the right elbow and that this condition antedated the accident but was probably aggravated by it, issued an order and notice allowing no time loss, segregating the preexisting disease, awarding a permanent partial disability of ten degrees, and approving the payment of three hundred dollars.

No appeal was ever taken from the foregoing order. This order was made on the basis of Rem. Rev. Stat., § 7679 [P. C. § 3472] (1), which provides:

"If it be determined by the department of labor and industries that an injured workman had, at the time of his injury, a pre-existing disease and that such disease delays or prevents complete recovery from such injury the said department shall ascertain, as nearly as possible, the period over which the injury would have caused disability were it not for the diseased condition and/or the extent of permanent partial disability which the injury would have caused were it not for the disease, and award compensation only therefor."

Several intermediate steps not here important were subsequently taken, but, on August 2, 1941, claimant made

another application to reopen the claim on the ground of further aggravation of his injury. After a medical examination, the supervisor concluded that there was no aggravation of the man's condition and ordered that the claim remain closed.

On September 29, 1941, an application was then made to the joint board for a rehearing, which was granted. A hearing was had on April 13, 1942, and the joint board, concluding that there was an aggravation, issued its order reversing the supervisor and ordered that the claim be reopened for further treatment and for further compensation.

On April 16, 1942, the supervisor issued an order and notice to reopen the claim for further treatment and time loss, whereupon the claimant requested that, instead of being allowed further treatment, he be given an additional allowance of six degrees permanent partial disability. He was advised that, if his appeal were withdrawn based on an offer to compromise, the department would give favorable consideration thereto. The appeal was withdrawn April 25, 1942, and the joint board accordingly issued its summary order remanding the matter to the supervisor for payment and closure. Claimant was paid one hundred eighty dollars for additional permanent partial disability and the claim was closed.

Thereafter an appeal was taken to the superior court by the employer, Toney Romano. After a hearing, a judgment was entered sustaining the joint board and the appeal was dismissed. The employer appeals to this court.

The appellant makes two assignments of error: (1) The workman failed to prove aggravation of injury; (2) it was error to reopen the claim after a segregation of a preexisting disease had been made, a settlement and payment in full for the injury accepted, and no appeal taken.

On his second assignment of error, the appellant relies upon *Carlson v. Department of Labor & Industries,* 200 Wash. 533, 94 P. (2d) 191, and *LeBire v. Department of Labor & Industries,* 14 Wn. (2d) 407, 128 P. (2d) 308.

In the *LeBire* case, this court said:

"Appellant further contends that Rem. Rev. Stat. § 7679 (1), quoted in full above, does not apply to a case of permanent total disability, such as this is claimed to be, but only to a case involving permanent partial disability. That question is not properly before us in this proceeding. If this were an appeal from a judgment affirming an order wherein the joint board, although recognizing that appellant's condition was one of permanent total disability and that it was the result of his knee injury, had nevertheless segregated the pre-existing disease from the injury, allowing compensation only as for a permanent partial disability, then the question presented upon this contention might properly be before us. But that is not the situation here. *The joint board found, as a matter of fact, that appellant's arthritic condition was not the result of the injury, and its order was based primarily on that fact. No appeal was taken from that order.* If the joint board committed error in its finding or in its application of Rem. Rev. Stat., § 7679 (1), its order would be subject to reversal on direct appeal therefrom. But since the joint board had jurisdiction of the subject matter and of the parties, and acted within the scope of its power, its judgment was not void, and since no appeal was taken therefrom it is conclusive and, under the doctrine of *res judicata,* bars further litigation upon the same matters. *The question involved in this proceeding is whether appellant's present arthritic condition is due to the original injury.* That very question was decided by the joint board by its order antedating the one on which this proceeding is based, and no appeal was taken from the earlier order. *It is therefore res judicata* of the issues now sought to be relitigated." (Italics ours.)

In the *Carlson* case, *supra,* a workman claiming aggravation of his injury, made application to reopen the claim upon which he had been previously paid compensation. His application was denied by the supervisor, and the joint board sustained the supervisor's action on the ground that the aggravation, if any, was not due to the claimant's injury but to a preexisting disease for which the department is not responsible. Upon the workman's appeal to the superior court, the decision of the joint board was affirmed. Later, the workman made another application to

reopen his claim, which was denied. He then appealed to the superior court, which sustained the joint board. On appeal to the supreme court, it was held that the matter was *res judicata.*

■ These cases go no farther than to hold that, where a finding is made that an injury did not aggravate a pre-existing disease and where an appeal is not taken, or if an appeal is taken and the finding affirmed, the question becomes *res judicata.* The facts in this case, however, are different. Here a finding was made that the injury did aggravate a preexisting disease and fixed the extent of the aggravation at ten degrees of permanent partial disability. Claimant later sought to show a further aggravation due to the injury, occurring after the order which settled the permanent partial disability at ten degrees. This he had a right to do under Rem. Rev. Stat., § 7679 (h):

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the director of labor and industries, through and by means of the division of industrial insurance, may, upon the application of the beneficiary, made within three years after the establishment or termination of such compensation, or upon his own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment: Provided, Any such applicant whose compensation has heretofore been established or terminated shall have three years from the taking effect of this act within which to apply for such readjustment."

Thus, if an order, fixing no aggravation to a preexisting disease by reason of an injury, is not appealed from, it becomes *res judicata,* but, if the order did find an aggravation to a preexisting disease by reason of an injury, any change in the disability, occurring after the order, may be provided for either by way of increasing or decreasing the number of degrees of permanent partial disability, as the case may be. In the first instance, it is established that there is *no aggravation* upon which a *change* can be predicated. In the second, there is, and it is not necessarily

permanently fixed, but may be adjusted to correspond to the facts.

■ Under appellant's first assignment of error, he contends that the burden of proving an aggravation of injury is upon the workman, and that the workman failed to prove any aggravation by the injury. That the decision of the department is *prima facie* correct is too well established to require citations.

■ Dr. Edward LeCocq, a specialist in bone and joint surgery, testified that the claimant's condition was not fixed, that his present condition was not the same as when the first X ray was taken, that a loose body, such as subsequently appeared in the claimant's arm, is usually the result of injury, and that he based his statements on X rays previously made and the current ones; that there was a marked progress in the severity of claimant's condition, and that his present condition was based on his injury.

This is sufficient to meet a challenge that the decision of the joint board was arbitrary or capricious. This sort of situation may well present a very difficult question of fact. A claimant cannot recover for a preexisting disease, the natural development of which, without traumatic causes, produces a disabling effect. Naturally, when, in addition to the preexisting disease, there is a traumatic aggravation, the exact extent of the aggravation for which claimant may recover under the law is difficult to determine. Subsequent developments may well be enlightening. The appellant has not met the burden of overcoming the *prima facie* correctness of the department's decision.

The judgment is affirmed.

SIMPSON, C. J., MILLARD, ROBINSON, and GRADY, JJ., concur.