[No. 29130. Department Two. March 31, 1944.]

RICHARD N. BOND, *Respondent*, v. A. R. OVENS et al., *Appellants*.[1]

[1]Reported in 147 P. (2d) 514.

*Cameron Sherwood,* for appellants.

*E. L. Casey,* for respondent.

ROBINSON, J.—Richard N. Bond, plaintiff below, alleged that, while he was crossing a Walla Walla street intersection on foot, a family car, driven by Darrell P. Ovens, a son of the defendants, negligently collided with him, to his damage in the sum of six thousand dollars. A jury returned a verdict for the defendants. The trial court overruled the plaintiff's motion for judgment notwithstanding the verdict, but granted his alternative motion for a new trial. The defendants have appealed from that portion of the order which reads as follows:

"The Court believing that substantial justice has not been done in this case and that the evidence as submitted does not justify the verdict rendered by the jury,

"IT IS THEREFORE ORDERED that the motion for new trial be and the same is hereby granted, from which ruling the defendants except and their exceptions are allowed."

It is evident that the trial court granted the new trial on two grounds: (1) That substantial justice had not been done; and (2) that the evidence submitted did not justify the verdict of the jury. The second ground is statutory (Rem. Rev. Stat. (Sup.), § 399 (7) [P. C. § 8225]). Ground (1), however, is based upon the inherent power of a trial court, of general common-law jurisdiction, to set a verdict aside, if satisfied that substantial justice has not been done. If either ground be found sufficient to warrant the granting of a new trial, the order appealed from must be affirmed.

■ Section 399 of the code, specifying the grounds for granting a new trial, has not been amended in any particular since it was construed in the leading case of *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947. It was there held. that, in enumerating the grounds for a new trial, the legislature did not intend to restrict the historically inherent power of a trial judge to grant a new trial on the ground that substantial justice had not been done, and it was said, with reference to the exercise of that power:

"All of our decisions have proceeded upon the principle that, if the trial court, in the exercise of its sound discretion, is satisfied that substantial justice has not been done in a given case, it is its right and its duty to set the verdict aside."

■ It is contended here, despite the fact that the trial court recited in its order that the new trial was granted because substantial justice had not been done, that this was not the real reason for its action, but that the court simply disagreed with the jury as to the facts; and, to support that contention, certain oral statements made by the court at the hearing on plaintiff's post-trial motions on March 27, 1943, are relied on. But the order appealed from was made on the following 9th day of April. These oral statements, therefore, cannot be considered for that purpose; nor could they be had they been formally incorporated in a written opinion, provided that opinion was rendered prior to the entry of the order. This has been repeatedly held in a long and unbroken series of decisions, as has been pointed out in the opinion handed down but a few months ago in the case of *Henry v. Larsen,* 19 Wn. (2d) 690, 143 P. (2d) 841. That opinion is buttressed by such ample citation of authority that further discussion of the point is unnecessary.

■ The real reason why the granting of a new trial by a general order is rarely, if ever, overruled is that the appellate court must ordinarily assume, in the absence of a stated reason, that the order was, or at least may have been, granted in the exercise of the trial court's inherent

power. If the exact ground of the order is stated, the situation may be quite different. For example, in the recent case of *Gavin v. Everton*, 19 Wn. (2d) 785, 144 P. (2d) 735, the court set aside a verdict for the defendants in a personal injury case and granted the plaintiff a new trial upon the sole ground that the evidence in the case showed that the defendants were guilty of negligence as a matter of law. The court could, and did, review that order by simply reading the evidence; but, when a court simply grants a new trial without assigning its reasons, or when it says that it does so on the ground that substantial justice has not been done, there may be much more than evidence involved. There may be matters that do not appear in the record at all, matters which, for one reason or another, could not be made to appear.

The right of a trial judge to set aside a verdict if he believes that substantial justice has not been done is probably as old as the jury system itself. We need not attempt to determine that; for it is sufficient for our present purpose to point out that the right to trial by jury and the right of the trial judge to set a jury verdict aside and grant a new trial, on the ground that substantial justice has not been done, have existed side by side for centuries in the English courts, and in our state courts since their creation, and, in fact, in all other systems of judicature founded upon the English common law. The possession of that power makes the office of a trial judge one of peculiar responsibility, dignity, and importance in our system of the administration of justice, for the appellate courts have no such power. They can set aside a jury verdict and grant a new trial only by pointing out some specific legal error, such as a faulty instruction, an erroneous ruling with respect to the admission or exclusion of evidence, misconduct of counsel, etc. It follows, if the trial judge fails to exercise the power in a proper case, that an unjust verdict may result in a judgment that cannot be set aside or in any way disturbed.

It is not accurate to say that the right of trial by jury was taken away in this case. In view of the evidence in

the case, it would have been had the court granted the plaintiff's motion for judgment notwithstanding the verdict, for that would have been a final disposition of the cause. The court, however, merely granted a new trial, and at that trial the defendants may have their case submitted to a jury unless they voluntarily waive that right. *Florida East Coast R. Co. v. Hayes,* 67 Fla. 101, 64 So. 504, 7 A. L. R. 1310. It is true, however, as appellants so earnestly contend, that the unrestricted power to grant new trials could be used to render nugatory the right of trial by jury by the arbitrary granting of successive motions. A number of our sister states have thought this danger of sufficient probability as to enact statutes designed to obviate it. These statutes generally attempt to reach that objective by limiting the number of new trials which may be granted in an action. Of this class of statutes, it is said, under "New Trial" in 39 Am. Jur. 42, § 16:

"The number of new trials that may be granted is, however, limited by statute in many states. Such statutes vary somewhat in language, and there is considerable diversity of opinion as to their effect; but it is generally held that they are intended to limit the power of the court over the findings of fact by the jury upon regular proceedings and a correct charge, and not to prevent the granting of new trials for errors committed by the court or for improper conduct which may vitiate the verdict."

Some of these statutes go no further than to provide that no more than one new trial shall be granted against the same party in the same case, on the ground that the verdict was against the weight of the evidence; others, that no more than two shall be granted under such circumstances. There are other statutes, however, which are broader in scope. The following statute once existed, and, perhaps, is still in force in the state of Tennessee:

"Not more than two new trials shall be granted to the same party in any action at law; or upon the trial by jury of an issue of fact in equity."

We have quoted the statute as we find it in *Louisville & N. R. Co. v. Woodson,* 134 U. S. 614, 619, 33 L. Ed. 1032,

10 S. Ct. 628. After reviewing the Tennessee decisions construing that statute, the court said:

"From these decisions it is clear that in Tennessee, as elsewhere, although the jury are the judges of the facts, yet the judge has power to set aside the verdict when, in his judgment, it is against the weight of the evidence, but that that supervisory power cannot be exercised under the statute when the triers of the facts have three times determined them the same way. This manifestly refers to a state of case where, in the opinion of the judge, the verdict should have been otherwise than as rendered, because of the insufficiency of the evidence to sustain it, but not to a case where there is no evidence at all."

The existence of statutes of this kind in many states, in all of which the jury system is as emphatically declared to be inviolate as in our own, is itself a recognition of the fact that common-law courts have inherent jurisdiction to grant new trials, unless limited by statute. It is said, in the opinion in the *Lappenbusch* case, *supra,* and correctly, that there is "respectable authority" for the view that it is not within the power of the legislature to limit the inherent power of the trial courts to grant new trials. That question, however, was expressly not decided, nor is it before us in this case; for we have no statute in this state which can be construed as attempting to limit this inherent power, nor have we any limiting the number of new trials which may be granted. Nor do we know of any reason to suppose that any such limiting statute is required. The judicial history of our state, as far as we know, affords no instance of a trial judge depriving a litigant of a jury trial by successively granting new trials. On the contrary, there is a quite recent instance wherein a member of its trial bench was most careful to avoid even the appearance of evil in that respect. *Myers v. Weyerhaeuser,* 197 Wash. 407, 85 P. (2d) 1091.

The order appealed from is affirmed.

SIMPSON, C. J., MILLARD, and BLAKE, JJ., concur.

MALLERY, J. (dissenting)—I concede that the majority opinion is in accord with the past decisions of this court.

The rule of *stare decisis* is not to be lightly disregarded. I am, therefore, impelled to state why I dissent.

Under our decisions, where an order granting a new trial is based upon one or more specific statutory grounds, this court will review the question involved upon appeal. Where the order granting the new trial is general in nature, it will be sustained if it is possible to do so upon any of the statutory grounds. In passing upon such orders, this court will not attempt to weigh the evidence or pass upon its credibility. But where, as in this case, a new trial is granted upon the nonstatutory ground "that substantial justice has not been done," this court will not even pass upon the sufficiency of the evidence nor consider the oral statements or memorandum opinions of the trial court in commenting upon the reasons for granting a new trial. Since this court refuses to consider the weight of the evidence, the sufficiency of the evidence, or the trial court's reasoning upon the matter, it is impossible to subject the discretion of the trial court to review. The effect is the same as if we simply said that such an order is not appealable, since affirmance necessarily follows.

"That substantial justice has not been done" is not a statutory ground for granting a new trial. Its validity must be sustained upon one or the other of two theories: First, that the trial court has an inherent power that is not derived from our constitution or statutes and is not limited by them; or, second, that the legislature in prescribing the grounds for granting a new trial did not intend them to be exclusive. I cannot assent to either theory.

I concede the possibility of the rule being applied in such a way as to do relatively little harm to our basic law. My chief objection to the rule arises out of the particular way it has been applied in both the trial and appellate courts. It has been construed to mean that the trial court may set a verdict of a jury aside and grant a new trial when the court conceives the verdict to be against the weight of the evidence. I believe that Art. I, § 21, of our state constitution, in prescribing that the right of trial by jury shall remain inviolate, means that the jury are to be the

arbiters of something, and I infer from Art. IV, § 16, "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law" that the things, of which the jury are arbiters, are "matters of fact."

I believe that to grant a new trial upon the ground that substantial justice has not been done for the reason that the verdict is contrary to the weight of the evidence, invades the province of the jury and is an unconstitutional exercise of power. To justify the invasion is to deny that the jury has a province with constitutionally defined boundaries, or at all. The constitutional boundaries are not restored by permitting the prevailing party to repeat the whole process *ad infinitum* with the same results.

I believe that, for our rule to accord with the constitution, the court should be the arbiter of matters of law, and the jury, of matters of fact. The sufficiency of the evidence is a matter of law. Facts determined by the weight and credibility of the evidence are matters of fact.

For insufficiency of the evidence to warrant a new trial it should conform to Rem. Rev. Stat. (Sup.), § 399 (7):

"That there is no evidence or reasonable inference from the evidence to justify the verdict or the decision, or that it is contrary to law."

This would coincide with our present tests for challenges to the sufficiency of the evidence and motions for judgment n. o. v. In this case, there was sufficient evidence to justify the verdict; therefore, the order should be reversed, with directions to enter judgment on the verdict.