[No. 29363. Department Two. December 15, 1944.]

RAY YOCUM, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Simon Wampold, Jr., Assistant,* for appellant.

*Oscar A. Zabel* and *Philip J. Poth,* for respondent.

ROBINSON, J.—On an appeal from an order of the joint board of the state department of labor and industries, a jury returned a verdict in favor of the department on January 10, 1944. On January 13, 1944, the claimant filed his motion for a new trial, which reads as follows:

"Comes now the plaintiff and moves the Court for an order setting aside the verdict in the above entitled cause, and grant to the plaintiff a new trial herein upon the following grounds:

[1] Reported in 154 P. (2d) 306.

"1. That substantial justice has not been done.

"2. That said verdict is contrary to the evidence and to the law.

"3. That said verdict is not supported by the evidence.

"4. Error of law occurring at the trial and excepted to at the time by the plaintiff."

On April 1, 1944, the trial court entered the following order:

"This matter having come on for hearing before the undersigned Judge upon the motion of the plaintiff for a new trial and for an order to set aside the verdict in the above entitled cause, and after hearing arguments of counsel for the plaintiff and defendant, and it appearing to the Court that the motion for a new trial is well taken and should be granted, and the Court being otherwise fully advised in the premises, it is, now, by the Court

"ORDERED, ADJUDGED and DECREED that the verdict of the jury in the above entitled cause be set aside and held for naught and that the plaintiff herein be, and he is hereby granted a new trial."

This appeal was taken on April 10, 1944, a few days before the opinion in *Bond v. Ovens,* 20 Wn. (2d) 354, 147 P. (2d) 514, appeared in our advance sheets. We take it that appellant's opening brief in this case was prepared immediately on giving the notice of appeal, since the opinion in *Bond v. Ovens* is not cited therein.

In *Bond v. Ovens,* as in this case, the trial court granted a new trial after a jury verdict for the defendant, on the express ground that substantial justice had not been done. It was held that the trial court had inherent power to do so and, for reasons therein shown at length, that this court has no power to review and set aside a new trial order made on that ground. In its opening brief under the caption "Argument," the appellant makes the following statement:

"In view of the fact that the court refused to set forth the grounds upon which he granted the motion for a new trial, it will be necessary to assume that the same may have been granted upon any one of the grounds stated in plaintiff's motion. *Applewhite v. Wayne,* 152 Wash. 62, 63; *Ahrens v. Anderson,* 186 Wash. 182, 184; *Stuckrath v. Schwarz,* 10 Wn. (2d) 1, 2.

*"By reason of the foregoing it will be necessary to show that the new trial properly could not have been granted for any of the reasons set forth in the motion."* (Italics ours.)

But, as we have above shown, the very first ground set forth in the motion is: "1. That substantial justice has not been done." The appellant, therefore, concedes, in the language italicized in the foregoing quotation, that, in order to reverse the order appealed from, it has the burden of showing that a new trial could not possibly have been properly granted on that ground, a burden which, under the decision in *Bond v. Ovens,* it cannot possibly meet.

But, even if the concession above referred to had not been made, we would be forced to deny this appeal, since the reason assigned for the decision in *Bond v. Ovens* clearly applies to the circumstances of the instant case. In the very nature of things, this court cannot determine whether a court has abused its power in granting a new trial, on the ground that substantial justice had not been done (as in *Bond v. Ovens*) or by a general order (as in this case), because in both instances the trial court in so doing may have been motivated by something not shown in the record before us. As was said in the opinion in *Bond v. Ovens:*

". . . but, when a court simply grants a new trial without assigning its reasons, or when it says that it does so on the ground that substantial justice has not been done, there may be much more than evidence involved. There may be matters that do not appear in the record at all, matters which, for one reason or another, could not be made to appear."

The order appealed from is affirmed.

SIMPSON, C. J., BEALS, and BLAKE, JJ., concur.

MALLERY, J. (dissenting)—I dissent for the reasons as stated in my dissent in *Bond v. Ovens,* 20 Wn. (2d) 354, 147 P. (2d) 514.