[No. 29891. Department Two. July 11, 1946.]

S. H. STARR, *Appellant*, v. GEORGE BAIRD *et al., Respondents.*[1]

*Ryan, Askren & Mathewson* and *Howard W. Sanders,* for appellant.

*David J. Williams* and *Mary E. Burrus,* for respondents.

BLAKE, J.—This is an appeal by plaintiff from an order granting a motion for a new trial, interposed by defendants, against whom a judgment had been entered in the following terms:

"IT IS HEREBY ORDERED AND ADJUDGED that the plaintiff do have and recover of and from the defendants, the agents of the plaintiff, the sum of Five Hundred Dollars ($500.00) *the property of M. R. England.*" (Italics ours.)

[1] Reported in 170 P. (2d) 655.

In vacating the judgment and granting defendants' motion for a new trial, the court entered the following order:

". . . it is here ORDERED, ADJUDGED AND DECREED that the judgment heretofore entered be set aside and vacated and that a new trial be had, conditioned on R. M. [M. R.] England and Pauline England, his wife, proper and necessary parties, being joined as additional parties within one week."

Appellant makes one contention only which it is necessary to discuss: that there is no statutory authority for granting a new trial for the purpose of bringing in additional parties. This contention is, no doubt, sound, but it does not follow that the order in this instance was beyond the power of the court. For the court has, in all cases, inherent, discretionary power to grant a new trial when necessary to subserve the ends of justice. *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947. That the trial court, in entering the order before us, intended to, and did, exercise that inherent power is demonstrable by the situation presented upon admitted facts.

The respondents are real estate brokers. Appellant listed a dwelling house for sale with them. They interested England in the property, and he deposited five hundred dollars with them on the purchase price. The deal fell through, and appellant brought this action to recover the five-hundred-dollar deposit from respondents, as his agents. During the trial, it developed that *appellant himself had refused to go through with the sale.*

It is apparent from the form of the judgment entered that the court, when confronted with this situation, came to the conclusion that the money deposited with respondents belonged to England. It is equally apparent that, in granting a new trial, the court was convinced that the rights of all concerned in the transaction were not protected under the judgment entered. Had an unconditioned order been entered, there could, in the circumstance, be no doubt about the power and authority of the court to enter it.

To our minds, the condition in the order entered makes it nonetheless effective. For, in essence, it is but a limitation put by the court itself upon its inherent power.

Order affirmed.

BEALS, C. J., ROBINSON, JEFFERS, and CONNELLY, JJ., concur.