[No. 31150.   Department Two.   February 16, 1950.]

THOMAS CABE, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1] Reported in 215 P. (2d) 400.

*The Attorney General, J. Arnold Cobley* and *James J. Krinbring, Assistants,* for appellant.

*Walthew, Gershon, Yothers & Warner,* for respondent.

HAMLEY, J.—Thomas Cabe, a claimant under the workmen's compensation act, suffered an injury to his right leg and back, on July 13, 1927, while engaged in extrahazardous employment. He filed a claim with the department of labor and industries, which claim was allowed and ultimately closed with an award for permanent partial disability of five per cent. On September 21, 1945, claimant sought to reopen the claim on the ground of aggravation. Following the refusal of the supervisor to reopen the claim, an application was filed with the joint board for a reopening and rehearing of the claim. The joint board granted the rehearing and at the conclusion thereof, sustained the previous order of the supervisor.

Claimant then appealed to the superior court. At the conclusion of the trial, the jury, in answer to a special interrogatory, determined that plaintiff had suffered no aggravation of the injury since the claim was originally closed. Plaintiff thereafter filed a motion for a new trial on several grounds, the first of these being that substantial justice had not been done. The motion was granted on that ground. Defendant has appealed.

The sole question presented is whether, on an appeal to the superior court from a joint board order, where the jury returns a verdict for the defendant on conflicting evidence,

the trial court may grant a new trial on the ground that substantial justice has not been done.

▮ The granting of a new trial on the ground that substantial justice has not been done is not provided for by statute, but is an exercise of the inherent power of a trial court. *Sylvester v. Olson,* 63 Wash. 285, 115 Pac. 175 (referring to the English cases); *Snider v. Washington Water Power Co.,* 66 Wash. 598, 120 Pac. 88; *Cranford v. O'Shea,* 75 Wash. 33, 134 Pac. 486; *Brammer v. Lappenbusch,* 176 Wash. 625, 30 P. (2d) 947; *Davis v. Riegel,* 182 Wash. 1, 44 P. (2d) 771; *Corbaley v. Pierce County,* 192 Wash. 688, 74 P. (2d) 993; *Nagle v. Powell,* 5 Wn. (2d) 215, 105 P. (2d) 1; *Wood v. Hallenbarter,* 12 Wn. (2d) 576, 122 P. (2d) 798; *Bond v. Ovens,* 20 Wn. (2d) 354, 147 P. (2d) 514; *Yocum v. Department of Labor & Industries,* 22 Wn. (2d) 72, 154 P. (2d) 306; *Starr v. Baird,* 25 Wn. (2d) 381, 170 P. (2d) 655; *Potts v. Laos,* 31 Wn. (2d) 889, 200 P. (2d) 505.

Appellant contends, however, that in industrial insurance cases, the superior court acts in an appellate capacity, there being before the court and jury only the record made before the department of labor and industries. Accordingly, it is argued, the trial court, in this kind of case, has no inherent power to set aside the verdict of the jury and grant a new trial.

In *Yocum v. Department of Labor & Industries, supra,* involving an appeal from an order of the joint board in an industrial insurance case, the trial court, without specifying its reasons, granted a motion for new trial made on several grounds, the first being that substantial justice had not been done. We affirmed, saying (at p. 74):

"In the very nature of things, this court cannot determine whether a court has abused its power in granting a new trial, on the ground that substantial justice had not been done (as in *Bond v. Ovens*) or by a general order (as in this case), because in both instances the trial court in so doing may have been motivated by something not shown in the record before us."

Appellant asks us not to accept the *Yocum* case as controlling here, because, it is asserted, the point that the lower

court was acting in an appellate position was not raised and was not considered by this court. Examination of the briefs in the *Yocum* case indicates that the point was not wholly overlooked, though not urged as strenuously as in the case before us. However, since the contention was not discussed in our earlier opinion, we will here consider it as if presented for the first time.

■ With respect to causes arising under the workmen's compensation act, the superior court is a court of limited, statutory jurisdiction. It has no original jurisdiction in such cases, but acts only in an appellate capacity. *DeStoop v. Department of Labor & Industries,* 1 Wn. (2d) 340, 95 P. (2d) 1026; *LeBire v. Department of Labor & Industries,* 14 Wn. (2d) 407, 128 P. (2d) 308. Under the statute, the only evidence introduced on appeal to the superior court is that contained in the departmental record. Rem. Rev. Stat. (Sup.), § 7697-2 [P.P.C. § 704-3]; *Champagne v. Department of Labor & Industries,* 22 Wn. (2d) 412, 156 P. (2d) 422.

■ But, while the superior court sits in an appellate capacity and the cause is determined on the basis of the written departmental record, a jury trial is afforded. Either party is entitled to a jury trial as a matter of right, and the verdict of the jury has the same force and effect as in actions at law. Laws of 1939, chapter 184, § 1, p. 579 (Rem. Rev. Stat. (Sup.), § 7697-2); *Alfredson v. Department of Labor & Industries,* 5 Wn. (2d) 648, 105 P. (2d) 37.

■ We believe that the inherent power of the trial court to grant new trials on the ground that substantial justice has not been done, must extend at least to every case where a jury is empowered to render such a verdict, whether or not the procedure is appellate and whether or not the cause is submitted on a written record. There are cases where such inherent power has been upheld, although the cause was tried to the court rather than the jury. *Starr v. Baird,* 25 Wn. (2d) 381, 170 P. (2d) 655. Therefore it cannot be said that the trial court's exercise of the inherent power to grant new trials is necessarily dependent

upon whether it was a jury case. Nevertheless, the power is ordinarily exercised in jury cases and the decisions upholding this exercise of power have usually associated its use with the problems arising in connection with jury trials. Thus, in *Bond v. Ovens*, 20 Wn. (2d) 354, 357, 147 P. (2d) 514, we said:

"The right of a trial judge to set aside a verdict if he believes that substantial justice has not been done is probably as old as the jury system itself. We need not attempt to determine that; for it is sufficient for our present purpose to point out that the right to trial by jury and the right of the trial judge to set a jury verdict aside and grant a new trial, on the ground that substantial justice has not been done, have existed side by side for centuries in the English courts, and in our state courts since their creation, and, in fact, in all other systems of judicature founded upon the English common law."

There is respectable authority for the argument that the legislature could not, even if it should so attempt, control or limit the inherent power of the trial court in this respect, as this court pointed out in *Brammer v. Lappenbusch*, 176 Wash. 625, 30 P. (2d) 947. Our examination of the statutes, however, fails to disclose that the legislature has attempted to curtail the exercise of that power in industrial insurance cases. The provisions in effect when this case arose, relative to court review in industrial insurance cases, are set forth in Rem. Supp. 1943, § 7697 [P.P.C. § 704-1]. After stating the respects in which the trial court's power is limited, but making no mention of new trials, the statute recites:

" . . . In other respects the practice in civil cases shall apply. Appeal shall lie from the judgment of the Superior Court as in other civil cases. . . ."

The statute in question contains no express limitation against the granting of new trials on any ground. An implied limitation may exist where the granting of a new trial upon a particular ground would be plainly inconsistent with the other procedural provisions of the act. Thus, since the act provides that the court may not receive evidence in addition to that offered before the joint board, it is error to

grant a new trial on the ground of newly discovered evidence. *Gross v. Department of Labor & Industries,* 177 Wash. 675, 33 P. (2d) 376. Appellant infers that such a restriction is to be implied with respect to the granting of new trials on the ground that substantial justice has not been done, because the act limits the jury to a consideration of the written departmental record. But, notwithstanding this procedural restriction, the jury's verdict in every such appeal has the same force and effect as in actions at law, wherein the trial court has such inherent power. Moreover, the granting of a new trial upon this ground is not necessarily based upon incidents or errors in connection with the reception and consideration of evidence. *Bond v. Ovens, supra.*

We conclude that, in industrial insurance cases, the trial court has inherent power, which the legislature has not tried to fetter, to grant new trials on the ground that substantial justice has not been done.

The exercise of this inherent power lies within the sound discretion of the trial court which we will rarely disturb. The reason for this is stated in *Bond v. Ovens, supra* (p. 357), as follows:

"When a court simply grants a new trial without assigning its reasons, or when it says that it does so on the ground that substantial justice has not been done, there may be much more than evidence involved. There may be matters that do not appear in the record at all, matters which, for one reason or another, could not be made to appear."

Even if we were disposed to review the trial court's exercise of discretion in granting a new trial on this ground, we could not do so in this case because no statement of facts has been prepared or filed herein. Without a statement of facts the departmental record is nevertheless before us. *Hunter v. Department of Labor & Industries,* 190 Wash. 380, 68 P. (2d) 224. This is sufficient where we are asked to pass on questions of law which require, at most, a consideration of the evidence. *Boeing Aircraft Co. v. Department of Labor & Industries,* 22 Wn. (2d) 423, 156 P. (2d) 640.

But, as indicated in the last-quoted portion of our opinion in *Bond v. Ovens,* the granting of a new trial on the ground that substantial justice has not been done may involve much more than the evidence. By appellant's failure to furnish a statement of facts, we have been deprived of any information regarding the *voir dire* examination of the jury, opening arguments of respective counsel, anything at all that may have transpired during the trial of the case (other than the examination of witnesses), arguments to the jury at the close of the trial, and anything which may have transpired during the return of the verdict and the final winding up of the case. Needless to say, the trial court's order granting a new trial may have involved one or more of these phases of the case which are wholly unreported in the departmental record.

The order granting a new trial is affirmed.

ROBINSON, MALLERY, and HILL, JJ., concur.

SIMPSON, C. J. (dissenting)—I cannot agree with the majority opinion. It surrenders our right and refuses to perform our duty to act as an appellate court in cases of the nature before us.